IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHANIEL W. ELLIBEE,**

                **Plaintiff,**

      **v.**                                                    **CASE NO. 08-3186-SAC**

**PAUL FELECIANO, JR., et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on pro se pleading titled as a "CIVIL RIGHTS COMPLAINT & PETITION FOR WRIT OF HABEAS CORPUS." Plaintiff, a prisoner in the custody of the Kansas Department of Corrections (KDOC), paid the $350.00 district court filing fee in this civil action. Plaintiff's motion for leave to amend the complaint is granted. *See* Fed.R.Civ.P. 15(a)(1)(plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint).

Plaintiff's comprehensive complaint names three members of the Kansas Parole Board (KPB), and centers on alleged error in defendants' decision in February 2008 to deny plaintiff parole and to reconsider him for parole in October 2011.

Plaintiff claims defendants' denial of parole was arbitrary and capricious, violated the Double Jeopardy Clause, and was in retaliation for plaintiff's exercise of his First Amendment rights. He further claims he was not treated the same as similarly situated inmates granted parole who had not pursued litigation, who had no

community objections to parole, or who were female. Plaintiff complains the use of unchanging boilerplate reasons to deny him parole was both constitutionally insufficient and noncompliant with Kansas law. He contends defendants did not allow him to rebut evidence being considered, and prevented any meaningful review by not providing plaintiff with a record of his parole consideration hearing. Plaintiff further contends the KPB hearing was a sham because the outcome was predetermined, and claims the continuous denial of parole for pre-incarceration conduct in his Geary County conviction is contrary to the intent and public policy behind the Kansas parole statutes. Finally, plaintiff contends his KPB hearing was fundamentally unfair because defendant Biggs is married to the Geary County Attorney who prosecuted plaintiff.

Plaintiff seeks a declaratory judgment that defendants violated his constitutional rights. He also seeks his release from KDOC and KPB custody, or in the alternative, an order setting aside the KPB four year pass and ordering a new parole hearing to be conducted by the court or by persons designated by the court as long as plaintiff is subject to his Geary County sentence.

*Initial Review of the Hybrid Complaint*

Having reviewed plaintiff's pleadings, the court first notes plaintiff's attempt to proceed under both 28 U.S.C. § 2241 and 42 U.S.C. § 1983 in a single case.[1] For the following reasons, the

---

[1] *See* Richards v. Bellmon, 941 F.2d 1015, 1018 n.3 (10th Cir. 1991)("A single complaint may seek relief partly under 28 U.S.C. § 2254 and partly under 42 U.S.C. § 1983.").

court finds plaintiff's claims are subject to being summarily dismissed under either cause of action.

### 28 U.S.C. § 2241

To the extent plaintiff alleges constitutional defect in his 2008 parole proceeding, and seeks his release or a new hearing, habeas corpus is appropriate. Herrera v. Harkins, 949 F.2d 1096, 1097-98 (10th Cir. 1991). *See* Overturf v. Massie, 385 F.3d 1276, 1278 (10th Cir. 2004)(claim attacking execution of a prisoner's sentence as it affects the fact or duration of prisoner's confinement is cognizable under 28 U.S.C. § 2241).

Indeed, given the nature of plaintiff's claims and the specific relief being sought, it appears habeas corpus is the appropriate remedy for most if not all of plaintiff's allegations of constitutional error. However, full exhaustion of state court remedies is generally required before a state prisoner seeks habeas relief in a federal court. Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005), *cert. denied* 549 U.S. 943 (2006). *See also* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

In the present case, plaintiff documents his petition for writ of habeas corpus filed directly in the Kansas Supreme Court in March 2008, which that court summarily denied the writ in May 2008. This is insufficient to satisfy or excuse the requirement that plaintiff fully exhaust state court remedies prior to seeking federal habeas corpus relief.

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Because plaintiff allegations of error regarding his most recent KPB proceeding have not been properly presented through one complete round of the state's appellate review process, the court finds plaintiff's attempt to secure federal habeas corpus review of his claims is subject to being dismissed without prejudice.

### 42 U.S.C. § 1983

To the extent plaintiff alleges constitutionally defective parole procedures, and seeks a ruling for injunctive or declaratory relief that may benefit him in future parole hearings, he may proceed under § 1983. Herrera, 949 F.3d at 1097. *See also* Woodruff v. Everett, 43 Fed.Appx. 244, 245 (10th Cir. 2002)("[S]ection 1983 actions are typically the proper vehicle for attacking unconstitutional conditions of confinement and parole

4

procedures.").[2]

However, the Supreme Court has held that a § 1983 plaintiff may not recover damages for an allegedly unconstitutional confinement if judgment in favor of the plaintiff on the § 1983 claims would necessarily imply the invalidity of his confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court later extended this holding Heck to bar relief under § 1983 even when a prisoner seeks declaratory and equitable relief, and even if the prisoner's claims did not concern state conduct in securing the prisoner's conviction. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The holding in Heck has also been extended to parole determinations. *See* Crow v Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)("[Heck] applies to proceedings that call into question the fact or duration of parole or probation.")(per curiam)(citation omitted); Schafer v. Moore, 46 F.3d 44, 44-45 (8th Cir. 1995)(Heck applies to § 1983 actions challenging denial of parole).

Accordingly, because success on plaintiff's claims would necessarily implicate the validity of the KPB decision to deny parole and continue plaintiff's incarceration, the court finds the relief plaintiff seeks under 42 U.S.C. § 1983 is barred until plaintiff can demonstrate the parole proceeding at issue has been invalidated. *See e.g.* Herrera v. Keating, 129 F.3d 130 (10th Cir. 1997)(unpublished)(applying Heck to hybrid habeas and civil rights action challenging deferral of parole, noting § 1983 claims barred

---

[2]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

if habeas challenge not successful).

*Notice and Show Cause Order to Plaintiff*

The court thus directs plaintiff to show cause why the hybrid complaint should not be dismissed without prejudice for the reasons stated herein.  The failure to file a timely response may result in this hybrid action being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint (Doc. 2) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this action filed under 28 U.S.C. § 2241 and 42 U.S.C. § 1983 should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of February 2009 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge