Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
## WICHITA DIVISION

**NATHANIEL W. ELLIBEE,**

    Plaintiff/Petitioner,

      vs.

**PAUL FELECIANO, JR.,**
Chairman, Kansas Parole Board,
Official/Private Capacity;

**ROBERT SANDERS,**
Member, Kansas Parole Board,
Official/Private Capacity;

**PATRICIA A. BIGGS,**
Member, Kansas Parole Board,
Official/Private Capacity;

    Defendant(s)/Respondent(s).

FILED

FEB 2 6 2008

District Court
By: _____ Deputy Clerk,

**Case No.   08-3186-SAC**

**JURY TRIAL DEMAND**

*AMENDED*

**CIVIL RIGHTS COMPLAINT**
**&**
**PETITION FOR WRIT OF HABEAS CORPUS**

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## I.
## JURISDICTION

1.　28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 2201; 28 U.S.C. § 2202; **28 U.S.C.**

**§ 2241**; 28 U.S.C. § 2283; 28 U.S.C. § 2284; 42 U.S.C. § 1981; **42 U.S.C. § 1983**; 42

U.S.C. § 1985; 42 U.S.C. § 1986; 42 U.S.C. § 1988; United States Code et seq.; United

States Constitution and Amendments thereto.

## II.
## PARTIES

1.　Plaintiff, Nathaniel W. Ellibee, is a citizen of the state of Idaho, currently incarcerated in

the El Dorado Correctional Facility, 1737 S.E. U.S. Hwy. 54, El Dorado, Kansas, 67042-

8264.  Phone: (316) 321-7284.

2.　Respondent, Paul Feleciano, Jr., is an agent of the state of Kansas and was appointed as the

Chairperson of the Kansas Parole Board during all times complained of herein and resides

at 815 Barbara St., Wichita, Kansas, 67217.  Mr. Feleciano's place of employment is:

Kansas Parole Board, Landon State Office Bldg., 900 S.W. Jackson St., 4th Fl., S. 452,

Topeka, Kansas, 66612-1220.

3.　Respondent, John Sanders, is an agent of the state of Kansas and was appointed as a

2

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

member of the Kansas Parole Board during all times complained of herein and resides at

4326 S.E. Oakwood St., Topeka, Kansas, 66609.  Mr. Sander's place of employment is:

Kansas Parole Board, Landon State Office Bldg., 900 S.W. Jackson St., 4th Fl., S. 452,

Topeka, Kansas, 66612-1220.

4.      Respondent, Patricia A. Biggs, is an agent of the state of Kansas and was appointed as a

member of the Kansas Parole Board during all times complained of herein and resides at

4225 N.W. Walnut Rd., Topeka, Kansas, 66618.  Mrs. Biggs'  place of employment is:

Kansas Parole Board, Landon State Office Bldg., 900 S.W. Jackson St., 4th Fl., S. 452,

Topeka, Kansas, 66612-1220.


Due to this being a hybrid Petition for Writ of Habeas Corpus / Civil Rights Complaint,

Mr. Feleciano, Mrs. Biggs and Mr. Sanders will be referenced interchangeably as "Defendant(s)"

and/or "Respondent(s)" and Mr. Ellibee will be referenced interchangeably as the "Petitioner"

and/or "Plaintiff."

## III.
## EXHAUSTION OF CLAIMS

1.      Confrontation to the State of Kansas on all claims presented herein was made.  See

_Nathaniel W. Ellibee v. Paul Feleciano, Jr., et al.,_ Kansas Supreme Court Case No. 08-

100141-S , denied May 28, 2008.  (Appendix – Exhibit "H").

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## IV.
## CAUSE OF RESTRAINT

1.    Plaintiff states that the cause or pretense of his restraint is his conviction in Geary County,

Kansas, Case No. 91-CR-1152.  The Petitioner entered a plea of guilty on February 7, 1992

and sentence was imposed on March 23, 1992 for *Aiding and Abetting Murder in the*

*Second Degree*, 15 years to Life; *Attempted Aggravated Robbery*, 5 to 20 years;

*Conspiracy to Commit Aggravated* Robbery, 1 to 5 years, all sentences to be served

consecutively for an aggregate term of 21 years to Life.  Earliest parole eligibility of 10 ½

years with earned good-time credits.  Plaintiff states that he is not subject to the restraint of

any other jurisdiction, present or pending.

## V.
## PREVIOUS CHALLENGES TO CONVICTION(S)/SENTENCE(S)

1.    This action **does not** challenge the validity of the Petitioner's conviction(s) or sentence(s).

The Petitioner has **never** previously brought a challenge concerning any Kansas Parole

Board decision regarding Petitioner's parole consideration.

Nathaniel W. Ellebee
1737 S.E. U.S. Hwy. 54
El Dorado. Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff. Pro Se

# VI.
## CLAIM(S)

The Defendant(s)/Respondent(s) acting under color of State law in their official/private capacity(s) did with deliberate indifference and/or reckless disregard and/or malicious intent act individually and/or in concert and/or collusion and/or conspiracy, for the purpose of denying the Petitioner/Plaintiff parole, in a manner contrary to the 1st, 5th 6th and 14th Amendments of the U.S. Constitution, claims as follows:

## RETALIATION – 1st & 6th AMENDMENT

1.   That the Plaintiff was denied parole in retaliation for exercising his freedom of speech, right to redress grievances against the government and accessing the courts concerning colorable issues of public interest that Plaintiff pursued both on his own behalf and by providing assistance to others. Plaintiff alleges that said retaliation was for the purpose of chilling both himself and others from the exercise of such rights. Plaintiff alleges that the reason(s) provided for the denial of parole are in fact pretext(s), that are not supported by "some evidence." Plaintiff states that the aforementioned Rights are afforded by the 1st and 6th Amendment of the U.S. Constitution. Plaintiff states that denial of parole for retaliatory purposes is an unlawful arbitrary and capricious action by the Defendant(s).

5

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

a)   Plaintiff has filed and litigated seventeen (17) separate State and Federal civil actions in the previous six (6) years, to-wit:

• *Nathaniel W. Ellibee vs. Correct Care Solutions, L.L.C.,* Butler County, Kansas, Case No. 2005-CV-0512  (Chapter 60 action) (**Closed**).

• *Nathaniel W. Ellibee vs. Aramark Correctional Service,* Butler County, Kansas, Case No. 2005-CV-0486 (Chapter 60 action)(**Closed**).

• *Nathaniel W. Ellibee vs. Hiland Dairy Foods Company,* Butler County, Kansas, Case No. 166 P.3d 450 (Chapter 60 action)(**Closed**).

• *Nathaniel W. Ellibee vs. Darrell Higgins, et al.,* D. Kan. Case No. 04-3402-CM (§ 1983 action)(**Settled**).

• *Nathaniel W. Ellibee vs. Kathleen Sebelius, et al.,* D. Kan. Case No. 04-3403-JAR (§ 1983 action)(**Closed**).

• *Nathaniel W. Ellibee vs. Beth Posey, et al.,* D. Kan. Case No. 02-3233-JAR (§ 1983 action)(**Closed**).

• *Nathaniel W. Ellibee vs. Stanton Hazlett, et al.,* D. Kan. Case No. 03-3023-JAR (§ 1983 action)(**Closed**).

• *Nathaniel W. Ellibee vs. Ray Roberts, et al.,* K. S.Ct. Case No. 03-91171-S (K.S.A. 60-1501 action)(**Denied**).

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

- *Nathaniel W. Ellibee vs. Shawnee Co. Dist. Clerk, et al.,* Kan.App.Ct. Case

  No. 04-92039-A (K.S.A. 60-1501 action)(**Denied**).

- *Nathaniel W. Ellibee vs. Roger Werholtz,* Shawnee County, Kansas, Case

  No. 2004-C-104 (K.S.A. 60-1501 action)(**Denied**).

- *Nathaniel W. Ellibee vs. Charles Simmons, et al.,* Butler County, Kansas,

  Case No. 2003-C-143 (K.S.A. 60-1501)(**Closed**).

- *Nathaniel W. Ellibee vs. Ray Roberts, et al.,* D. Kan. Case No. 03-3405-

  SAC (§ 2254 action)(**Denied**).

- *Nathaniel W. Ellibee vs. Carrie Marlett,* D. Kan. Case No. 04-3059-JWL (§

  1983 action)(**Jury Trial – Defense verdict**).

- *Nathaniel W. Ellibee vs. Autumn L. Fox, et al.,* D. Kan. Case No. 03-3463-

  JAR (§ 1331; 1983 action)(**Closed**).

- *Nathaniel W. Ellibee vs. State of Kansas,* 68 P.3d 652 (Kan.App.

  2003)(K.S.A. 60-1507 action)(**Closed**).

- *Nathaniel W. Ellibee vs. Charles Simmons, et al.,* D. Kan. Case No. 03-

  3194-JWL (§ 1983 action)(**Closed**).

- *Nathaniel W. Ellibee vs. Leonard, et al.,* W. D. Tex. Case No. W-04-CV-

  124 (§ 1983 action)(**Pending**).

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

b)   Plaintiff has filed four (4) separate Post-Conviction challenges to his conviction(s), to-wit: *"Motion to Withdraw Plea out of Time"* (1996); *"Petition for Writ of Habeas Corpus [K.S.A. 60-1507]"* (2001); *"Plaintiff for Writ of Habeas Corpus [§ 2254]"* (2003); and, *"Motion to Withdraw Plea"*(2004).

- During the Plaintiff's parole consideration hearing conducted on September 9, 2007, Respondent Biggs questioned the Plaintiff extensively concerning not just the challenges filed, but inquired in detail concerning specific claims alleged, such as, a challenge that the Plaintiff asserted to the sentencing Court's subject-matter jurisdiction to convict the Plaintiff of *"Aiding and Abetting Murder in the Second Degree"* in a case based upon the Felony Murder theory wherein the principle (Jason L. Turner) has already entered a guilty plea to Felony Murder.

c)   K.A.R. 45-200-2(c) states, *"**an inmate who is appealing a sentence or conviction shall not be adversely affected in the parole process or deliberations.**"*

d)   Plaintiff directly named as a Defendant in one Federal Civil Rights action the former Chairperson of the Kansas Parole Board, Marilyn Scafe, see *Nathaniel W. Ellibee v. Kathleen Sebelius, et al.,* D.Kan. Case No. 04-3403-JAR.

- During the Plaintiff's parole consideration hearing conducted on September

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff Pro Se

9, 2007, Respondent Feleciano directly addressed that specific litigation and questioned the Plaintiff extensively concerning the claims alleged therein.

- Respondent Feleciano was a member of the Kansas Parole Board during the time period of that litigation.

- Respondent Feleciano's demeanor during this questioning was very ominous. He glared at me over the top of his glasses and his tone of voice and mannerisms were clearly hostile.

e) In 2005-2006 during the course of litigation primarily in the case(s) of *Ellibee v. Marlett* and *Ellibee v. Higgins, et al.*; litigation against prison officials, the Plaintiff met with Ralph J. DeZago, an Assistant Kansas Attorney General, of whom represented the Defendant(s) in those cases.

- Mr. DeZago shared with the Plaintiff that he also represented the Kansas Parole Board and often met with them.

- Mr. DeZago made innuendo comments as to the negative effect that the Plaintiff's litigation activities would have upon the Plaintiff's parole consideration.

- Respondent Feleciano specifically inquired in detail as to claims that the Plaintiff had made concerning inadequate ventilation and overcrowding of Kansas prisons.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone (316) 321-7284
Plaintiff, Pro Se

- Mr. Feleciano specifically inquired in detail concerning the Plaintiff's resignation from a prison-based work-release program due to an unsafe work environment (gross OSHA violations).

- Plaintiff observed that the Respondent's had <u>detailed</u> information regarding the Plaintiff's litigation and claims therein that they confronted the Plaintiff with during the course of the Plaintiff's parole consideration hearing on September 9, 2007, causing the Plaintiff to believe that Mr. DeZago did in fact have detailed conversations with the Respondent's regarding the Plaintiff's litigation activities.

f) The Plaintiff has provided extensive meaningful legal advise and legal assistance to other prisoners wherein relief was obtained, such as:

- *Leo F. Schuyler v. Raymond "Ray" N. Roberts, Jr.*, Butler County, Kansas, District Court Case No. 2005-CV-178; 2008 Kan. LEXIS 9; 175 P.3d 259 (2008) researched and drafted Complaint for filing in the *Butler County, Kansas, District court*; Researched and drafted Appellant brief filed in the *Kansas Court of Appeals.*

- *Zarska v. Higgins*, 171 Fed. Appx. 225 (2006), Consulted on Complaint and Researched and drafted Motion for Reconsideration filed in the *United States District Court for the District of* Kansas; Researched and drafted

10

Nathaniel W. Ellibee
1737 S E. U S Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Appellant brief filed in the *Tenth Circuit Court of Appeals.*

- *Tauer v. Werholtz*, 168 Fed. Appx. 312 (2006), Researched and drafted Complaint filed in the *United States District Court for the District of Kansas,* to include research and drafting of reconsideration therein; Researched and drafted Appellant brief filed in the *Tenth Circuit Court of Appeals.*

- *State of Kansas v. Christopher Logsdon* - Researched and drafted *Motion to Correct Illegal Sentence* file in the *Reno County District Court* wherein sentence was reduced from 53 months to 29 months.  Researched and Drafted *Petition for Writ of Habeas Corpus* filed in the *Kansas Supreme Court* successfully barring the Reno County District Attorneys' attempt to file third-amended complaint to subject Logsdon to significantly more serious charges after sentence was reduced.

- *State of Kansas v. Patrick McClintic* – Researched and Drafted *Motion for Jail Credit* filed in the *Cherokee County District Court* wherein credit for 412 days was obtained, 12 years after the fact.

- *David D. Dikeman v. Raymond "Ray" N. Roberts, Jr.*, Butler County, Kansas, Case No. 2005-CV-602.  Researched and drafted *Plaintiff for Writ of Habeas Corpus* [K.S.A. 60-1501] filed in the district court wherein a

11

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

favorable settlement was obtained on Mr. Dikeman's behalf.

- _Perry A. Reed v. Raymond "Ray" N. Roberts, Jr._, Butler County, Kansas, Case No. 2005-CV- ----- . Researched and drafted _Petition for Writ of Habeas Corpus_ [K.S.A. 60-1501] filed in the district court wherein a favorable settlement was obtained on Mr. Perry's behalf.

g) The Plaintiff has filed numerous formal grievances in the Kansas Department of Corrections during his incarceration. Example:

- Over one hundred (100+) as of February 2008.

- April 2005, complaint concerning stagnate water at El Dorado Correctional Facility and the enhanced threat of _West Nile Virus_ of which resulted in the expenditure of substantial funds to tear out and replace sidewalks, created drainfields and drain areas of standing water in and around the facility.

h) The Plaintiff initiated a criminal prosecution against a KDOC Correctional Officer, i.e., prison guard.

- _State v. Rumiser_, _Butler County, Kansas_, Case No. 2003-CR-30.

i) The Plaintiff has filed complaints with State and Federal agencies. Example:

- _Kansas Department of Health and Environment_, January 2001, housing conditions in U-Dormitory of the El Dorado Correctional Facility, of which resulted in the reduction of inmates housed in U-Dormitory (136 to 116).

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

- *Environmental Protection Agency (EPA),* September 2004, concerning the illegal dumping of lead-based paints and other building materials, to include an anequated X-Ray machine, at the *Norton Correctional Facility,* located in Norton, Kansas.

- *Environmental Protection Agency* (EPA), Summer 2004, concerning illegal disposition of *Freon* gas at the *Limestone County Detention Center,* located in Groesbeck, Texas.

j)   The Plaintiff has filed complaints with State and Federal elected officials of which resulted in official inquiries and investigations. Example:

- Governor Kathleen Sebelius, April 2004, conditions of confinement in contract jail placement in the state of Texas, resulting in Governor's Inquiry and the Plaintiff transfer back to the state of Kansas in immediate proximity.

- Congressman Todd Tiahrt, May 2004, conditions of confinement in contract jail placement in the state of Texas, resulting in extensive investigation by the Kansas Department of Corrections. The contract for placement of Kansas inmates in Texas with the *Civigenics, Inc.* was not renewed, despite renewal options through June 30, 2008.

k)   The Plaintiff has consulted and provided assistance to untold numbers of inmates

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

concerning grievances, agency complaints, and defenses to prison disciplinary actions and pending criminal charges.

- In 2004 the Plaintiff assisted inmate Richard Miller with a formal complaint to Congressman Todd Tiahrt that resulted in a formal investigation into the Inmate Medical Services at the El Dorado Correctional Facility by Kansas Secretary of Corrections Roger Werholtz. Mr. Miller soon thereafter received a necessary major spinal column related surgery.

l) Plaintiff has mentored several inmates concerning the execution of State and Federal litigation, grievances, agency complaints and prison disciplinary appeals, and those inmates have went on to successfully prosecute such actions. Example: Eric A. Zarska; Vernon Bourbon, and others.

m) To support Plaintiff's contention that the Respondent's reasoning for the extended four (4) year Pass is a pretext he offers that there was not **any** media coverage of Plaintiff's parole consideration.

- Verified via Internet search of Kansas media websites conducted by Ms. Brenda Zarska.

- Verified via Internet search of Kansas media websites conducted by Ms. Ruth Johanna.

n) Prison officials reported Plaintiff's *"Jailhouse Lawyer"* activities to the

14

Nathaniel W. Ellibee
1737 S E. U S  Hwy  54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Respondent's at both the Plaintiff's 2002 and 2007 Parole consideration hearings.

- Documented in the "Re-Entry Plan" submitted to the Respondent's by prison staff.

o)   Prison officials advised the Plaintiff that Respondent Feleciano made *extensive* inquiries concerning the Plaintiff's litigation activities prior to conducting the Plaintiff's parole consideration hearing conducted on September 9, 2007.

## UNCONSTITUTIONAL  PAROLE  CRITERIA – 14th  AMENDMENT

2.   Plaintiff challenges the constitutionality of the parole consideration criteria factor(s) *"Circumstances of the Offense"* and, *"Victim's Family, Public and Official Comments"* contained within K.S.A. 1991 Supp. 22-3717(f) in the manner as they have been applied to the Petitioner personally under his personal facts and circumstances.  This is a violation of the due process clause of the 14th Amendment of the United States Constitution, as these factors where already considered and applied in the determination of the sentence imposed upon the Plaintiff in the Sentencing court,

a)   *State v. Ellibee*, Geary County, Kansas, Case No. 91-CR-1152, Sentence Hearing transcript, March 23, 1992, page 9, lines 4-12; page 10, lines 5-9.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## **SIMILARILY SITUATED** – 14th AMENDMENT

3.      Plaintiff has been denied parole while other persons of whom have the same, similar, or

more serious conviction(s), criminal history(s), institutional record(s) or other similarities,

are granted parole.  Plaintiff states that the failure to treat him in the same manner as other

similarly situated person – without any State interest being asserted or advanced - violates

the Equal Protection Clause of the 14th Amendment of the United States Constitution.

Plaintiff states that denial of parole to similarly situated persons is an unlawful arbitrary

and capricious action by the Respondent(s).

a)      See **Table 1 – Similar Offender Data** (Appendix – Exhibit "I").

## **LITIGIOUSNESS** - 14th AMENDMENT

4.      Plaintiff has been denied parole due to his *"Jailhouse Lawyer"* activities while other

persons of whom have the same, similar, or more serious conviction(s), criminal history(s),

institutional record(s) or other similarities; but do not pursue or participate in litigation

activities are granted parole.  Plaintiff states that the failure to treat him in the same manner

as other similarly situated persons – without any State interest being asserted or advanced -

violates the Equal Protection Clause of the 14th Amendment of the United States

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Constitution. Plaintiff states that denial of parole to similarly situated persons based upon

litigiousness is an unlawful arbitrary and capricious action by the Respondent(s).

a)    It is the Plaintiff's informed belief based upon queries conducted on the *LexisNexis*

Internet website that the similar persons have not been active in litigation activities

during their incarceration.

•    See **Table 1 – Similar Offender Data** (Appendix Exhibit "I").

•    Discovery will be required to fully develop the evidence for this claim.


## **OBJECTIONS** - 14th AMENDMENT


5.    Plaintiff has been denied parole due to community objections while other persons of whom

have the same, similar, or more serious conviction(s), criminal history(s), institutional

record(s) or other similarities; who do not have community objections, are granted parole.

Plaintiff states that the failure to treat him in the same manner as other similarly situated

persons violates the Equal Protection Clause of the 14th Amendment of the United States

Constitution. The use of protests creates an equal protection violation when the parole of

prisoners, such as the Plaintiff, who receive protests of any kind are treated differently

from those who do not, and when the unpredictability of the recipient or the contents of

such protests leads to disparate results among inmates eligible for parole consideration.  If

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

similarly situated prisoners are not protested are routinely granted parole; as evidence will

prove is the established practice of the Kansas Parole Board, a classification exists for

equal protection purposes because some inmates – such as the Plaintiff, are forced to serve

more time in prison as a result of protests.   Plaintiff states that denial of parole to similarly

situated persons based upon objections is an unlawful arbitrary and capricious action by the

Respondent(s).

a)      Court ordered discovery will be required to determine the comparison of

        Objections between the Plaintiff and the similar situated persons due to the

        confidential nature of the Kansas Parole Board records wherein the required

        information is maintained.

        •       The Kansas Parole Board does have the discretionary authority to release

                said information.  See Kansas Attorney General Opinion 89-127, 1989 AG

                LEXIS 128.


## **OFFENDER GENDER** - 14th AMENDMENT


6.      Plaintiff has been denied parole due to the fact that he is a male while other persons of

        whom have the same, similar, or more serious conviction(s), criminal history(s),

        institutional record(s) or other similarities, but are female are granted parole.  Plaintiff

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

states that the failure to treat him in the same manner as other similarly situated persons violates the Equal Protection Clause of the 14th Amendment of the United States Constitution. Plaintiff states that denial of parole to otherwise similarly situated persons wherein the only difference is the gender of the offender is an unlawful arbitrary and capricious action by the Respondent(s).

a)   See **Table 1 – Similar Offender Data** (Appendix – Exhibit "I") will show that a similarly situated male offender, i.e., the Plaintiff, is serving a lengthier sentence than similarly situated female offenders.

- See *State v. Hamilton*, 787 P.2d 1203.

- *State v. Diana R. Edwards*, 579 P.2d 1209

- Discovery will be required to fully develop the evidence for this claim.

## UNCHANGING FACTORS - 14th AMENDMENT

7.   Plaintiff was denied parole, in part, based upon unchanging factors, i.e., *"Serious nature/circumstances of crime; Violent nature of crime; objections."* Plaintiff states that denial of parole based upon unchanging factors violates due process and is an unlawful arbitrary and capricious action by the Respondent(s).

a)   The very same boilerplate language relied upon, in part, to deny Plaintiff parole in

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

2002. Although not officially cited as reasoning for denial of parole in 2002, there

is evidence that alludes to community opposition being known to the Parole board

in 2002.

- There is internal KDOC documentation dated November 8, 2004 discussing

    consideration of granting the Plaintiff minimum security status wherein

    2002 community opposition to parole was discussed.


## "SOME EVIDENCE" - 14th AMENDMENT


8. Plaintiff alleges that the *"Serious nature/Circumstances of crime; Violent nature of

crime;"* of Plaintiff's offense(s) do not amount to "some evidence" supporting the

Respondent's conclusion that the Plaintiff would would be a detriment to the community or

to himself if released. "Some evidence," however, does not mean literally "any" evidence.

If it did, the protection afforded by due process would be meaningless. The [due process]

protection of the "some evidence" requirement demands more that that – less than legal

"sufficiency" of evidence, but more than a trivial charade.

In addition, the evidence underlying the decision must possess some indicia of reliability.

Evidence that lacks any real probative value cannot constitute "some evidence." Otherwise,

the requirement of "some evidence" could be satisfied by baseless speculation,

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

superstition, or stereotyping. That, too, would reduce the requirement of "some evidence"

to a sham or a mockery. Plaintiff states that denial of parole without "some evidence" in

support violates due process and is an unlawful arbitrarily and capricious action by the

Respondent's.

## CONFLICT-OF-INTEREST - 14th AMENDMENT

9.   Plaintiff asserts that it was a conflict-of-interest for Respondent Biggs to participate in

Plaintiff's parole eligibility hearing as Mrs. Biggs is married to Christopher E. Biggs, of

whom was the Geary County, Kansas, Attorney that originally prosecuted the Plaintiff.

Consequently, Respondent Biggs has an enhanced knowledge of the facts and

circumstances of the Plaintiff's conviction(s), and a personal rapport with the Victim's

family, causing Mrs. Biggs to have a personal familiarity with the case far beyond what is

expected of a parole board member, of which causes undue bias and prejudice against the

Plaintiff. Participation in the Plaintiff's parole eligibility hearing by Respondent Biggs in

the face of such a clear conflict is a violation of due process and is an unlawful arbitrary

and capricious action by the Respondent(s).

b)   Christopher E. Biggs relied in-part upon Plaintiff's conviction(s) as a platform for

his re-election campaign(s) as the Geary County Attorney, and, in his unsuccessful

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

bid for Attorney General of the State of Kansas in 2002.

c)    The Victim's family appeared in televised campaign commercials on behalf of Mr.

Biggs.  As such, it is not unreasonable to believe that Mrs. Biggs has had personal

contact and interaction with the victim's family.

d)    During the Plaintiff's parole consideration hearing conducted on September 9, 2007

Respondent Feleciano confronted the Plaintiff concerning an aggravating factor

that was cited to by the Kansas Supreme Court in upholding the Plaintiff's sentence,

to-wit:  an allegation that the Plaintiff's co-defendant, Jason L. Turner, gave the

Plaintiff the shell-casing of the bullet that murdered the victim.  This allegation was

ruled untrue by the sentencing judge (Sentence Hearing Transcript, *State v. Ellibee*,

Geary County, Kansas, Case  No. 91-CR-1152, page 8, Lines 13-17), at the time of

the sentencing hearing Mr. Biggs did not assert any objection, or appeal Judge

Scott's ruling on the issue.   However, Mr. Biggs proceeded to present the

aggravating factor the Kansas Supreme Court as if it were uncontroverted fact.

(The Plaintiff has **repeatedly** attempted to address this issue in post-conviction

challenges, but such efforts have fell on deaf ears).  When the Plaintiff produced his

Sentencing transcript in the parole consideration hearing and provided it to the

Respondent(s) to controvert the allegation, Mrs. Biggs expressed a significant

reaction and was clearly upset by confrontation of the clear fact that her husband

22

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone (316) 321-7284
Plaintiff, Pro Se

had made a blatant material misrepresentation to the Kansas Supreme Court.

## APPLICATION OF PAROLE CRITERIA - 14th AMENDMENT

10.   Plaintiff asserts that the Respondent's failed to apply or provide meaningful consideration
to the statutory parole consideration criteria factors articulated in K.S.A. 1991 Supp. 22-
3717 § (e) & (f), of which has been deemed mandatory, see *Priest v. Mckune*, 178 P.3d 80
(Kan. App. 2008). A review of the *Kansas Parole Board* Form referred to as a, "Decision
Sheet" will show that it does not even list the statutory criteria for parole consideration,
and actually lists other factors that are not even authorized by the statute. A review of the
Plaintiff's parole denial shows that parole was denied based upon two (2) of the eighteen
statutory (18) factors (*Circumstances of the offense; Public comments*), and that the other
sixteen (16) factors were disregarded. A failure to meaningfully apply all of the parole
criteria consideration factors violates due process and is an unlawful arbitrary and
capricious action by the Respondent's.

a)   **Able and willing to fulfill obligations of law abiding citizen;**

•   This issue was not raised or discussed with the Plaintiff by the Respondent's
during the September 9, 2007 hearing.

23

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

b) **Reasonable probability that the inmate can be released without detriment to**

  **the community or to the inmate;**

  • This issue was not raised or discussed with the Plaintiff by the Respondent's

    during the September 9, 2007 hearing.

c) **Completion of program agreement pursuant to K.S.A. 75-5210a.;**

  • This issue was not raised or discussed with the Plaintiff by the Respondent's

    during the September 9, 2007 hearing.  The Plaintiff completed his original

    program agreement.

d) **All pertinent information;**

  • This category of information was not raised or discussed with the Plaintiff

    by the Respondent's during the September 9, 2007 hearing.

  • See claim No. 13 herein.

e) **Circumstances of the offense;**

  • The Respondent's discussed this issue in detail with the Plaintiff during the

    September 9, 2007 hearing.

f) **Presentence Report;**

  • This issue was not raised or discussed with the Plaintiff by the Respondent's

    during the September 9, 2007 hearing.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

- A review of the Victim Impact Statements attached thereto will show that they all focus explicitly upon the actions of Plaintiff's co-defendant [Jason L. Turner], and make no mention of the Plaintiff or his involvement in the crime.

g)  **Social History**;

- This issue was not raised or discussed with the Plaintiff by the Respondent's during the September 9, 2007 hearing.

h)  **Criminal Record**;

- This issue was not raised or discussed with the Plaintiff by the Respondent's during September 9, 2007 hearing.

i)  **Prison Conduct**;

- This issue was not raised or discussed with the Plaintiff by the Respondent's during the September 9, 2007 hearing.

j)  **Prison Employment**;

- This issue was not raised or discussed with the Plaintiff by the Respondent's during the September 9, 2007 hearing.

k)  **Prison Attitude**;

- This issue was not raised or discussed with the Plaintiff by the Respondent's

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

during the September 9, 2007 hearing.

l)      **Physical Examination Reports**;

•      This issue was not raised or discussed with the Plaintiff by the Respondent's

during the September 9, 2007 hearing.

m)      **Mental Examination Reports**;

•      This issue was not raised or discussed with the Plaintiff by the Respondent's

during the September 9, 2007 hearing.

n)      **Victim Comments**;

•      This factor is not applicable as unfortunately the victim in this case is

deceased.

o)      **Victim's Family Comments**;

•      This issue was not raised or discussed with the Plaintiff by the Respondent's

during the September 9, 2007 hearing.

p)      **Public Comments**;

•      This issue was not raised or discussed with the Plaintiff by the Respondent's

during the September 9, 2007 hearing.

q)      **Official Comments**;

•      This issue was not raised or discussed with the Plaintiff by the Respondent's

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone (316) 321-7284
Plaintiff, Pro Se

during the September 9, 2007 hearing.

r)      **Prison Capacity**.

- This issue was not raised or discussed with the Plaintiff by the Respondent's
  during the September 9, 2007 hearing.

- Kansas prisons are at full capacity.    The State of Kansas has posted
  solicitations of construction bids for expansion of bedspace at Ellsworth
  Correctional Facility, Norton Correctional Facility and for the construction
  of an entirely new drug treatment correctional facility at Yates Center,
  Kansas, and, the Kansas legislature granted the KDOC authority to issue 39
  Million in bonds for said construction during the 2007 legislative session.

- The only reason that Kansas prisons are not exceeding capacity at this time
  is the fact that the Kansas Department of Corrections Parole Officers are not
  prosecuting Kansas parole violators for technical parole violations, even if
  the same parolee commits numerous violations such as testing positive for
  illicit drug usage or failing to report to their parole officers.  The Plaintiff
  has interviewed numerous parole violators and discovered that this is a
  consistent pattern.

Nathaniel W. Ellibee
1737 S E U S Hwy 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## CONSIDERATION OF FAVORABLE/MITIGATING EVIDENCE - 14th AMENDMENT

11.  Plaintiff asserts that the Respondent's failed to apply or afford any meaningful
     consideration or application of evidence and mitigating factors in the Plaintiff's favor
     contrary to K.S.A. 1991 Supp. 22-3717(f). The Respondent's did not even raise or discuss
     such evidence.   The failure to consider such evidence deprived the Plaintiff of a
     fundamentally fair hearing violating due process and is an unlawful arbitrary and
     capricious action by the Respondent's.

     a)   The Sentencing court recognized that the case was brought to light by the Plaintiff's
          own conscience.

          •    *State of Kansas v. Nathaniel W. Ellibee*, Geary County, Kansas, Case No.
               91-CR-1152, March 23, 1992, Sentencing Hearing Transcript, page 5, lines
               3-8.

     b)   The Plaintiff declined an offer of immunity – expressing a willingness to accept
          accountability for his actions.

          •    *State of Kansas v. Nathaniel W. Ellibee*, Geary County, Kansas, Case No.
               91-CR-1152, March 23, 1992, Sentencing Hearing Transcript, page 5, lines
               22-23.

     c)   The Plaintiff's actual physical participation in the crime consisted in planning the

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

crime, driving to and from the crime scene and concealing the items/weapons used
in the crime. The Plaintiff did accompany his co-defendant into the convenience
store to execute the robbery. The Plaintiff was physically present in the business
for the purpose of robbery, but such intended actions were thwarted by the victim's
activation of the silent alarm. It should be further noted that the Plaintiff made an
attempt to solicit his co-defendant to leave the convenience store before the murder
occurred. The Record is clear that the Plaintiff had left the convenience store before
his co-defendant killed the victim without the Plaintiff having any knowledge that
the murder was going to occur.

d)     The prosecution took notice of Plaintiff's remorse for his actions.

- *State of Kansas v. Nathaniel W.* Ellibee, Geary County, Kansas, Case No.
91-CR-1152, October 21, 1992, Sentence Modification Hearing Transcript,
page 6, lines 21-22; page 7, lines 12-13.

e)     The Sentencing court recognized that the Plaintiff had been a victim of severe
physical and emotional abuse during his childhood and teenage years.

- *State of Kansas v. Nathaniel W.* Ellibee, Geary County, Kansas, Case No.
91-CR-1152, March 23, 1992, Sentence Hearing Transcript, page 8, lines
18-20; October 21, 1992, Sentence Modification Hearing Transcript, page
8, lines 2-21.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

f)   The Plaintiff had family support present at his Sentencing hearing (Mother, Grandparents and Uncle).

- *State of Kansas v. Nathaniel W.* Ellibee, Geary County, Kansas, Case No. 91-CR-1152, March 23, 1992, Sentence Hearing Transcript, page 6, lines 15-19.

g)   The Plaintiff had support present at his Public Comments hearing conducted in August 2007.

- Aunt and Uncle flew from Sandpoint, Idaho for the express purpose of speaking on the Plaintiff's behalf to the Respondent's at the Public Comments hearing held in Kansas City, Kansas on August 20, 2007.

- Written comments in support of the Plaintiff's parole were submitted by family, friends and his employer.

- A Kansas business owner, Brenda Zarska, attended the Public Comments hearing held in Wichita, Kansas on August 17, 2007 offering her support of Plaintiff's parole, to include offering employment and housing for the Plaintiff.

h)   Both the prosecutor and the Sentencing judge recognized the Plaintiff as being a first-time offender - not having any misdemeanor, juvenile or adult prior criminal history.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

- *State of Kansas v. Nathaniel W. Ellibee*, Geary County, Kansas, Case No. 91-CR-1152, March 23, 1992, Sentence Hearing Transcript, page 3, lines 3-8; page 8, lines 9-12.

i) The Plaintiff completed his initial Kansas Department of Corrections program recommendations that were assessed at the Topeka Reception and Diagnostic Unit pursuant to K.S.A. 75-5210a.

- Substance Abuse Education, October 1992.

- Vocational Education (*Butler County Community College*) – Welding, February 1993.

- Mental Health Counseling, December 1994.

j) The Plaintiff complied with and successfully completed the recommendations made by the Kansas Parole Board in 2002. (Appendix – Exhibit "A")

- Remained free of any disciplinary reports.

- Obtained employment with Private Industry (*Century Manufacturing, Inc.*) [Prison-based work release] on August 8, 2006 and remain employed at this time.

k) The Plaintiff voluntarily participated in and completed additional programs and vocational education on his own initiative.

- Vocational Education (*North Central Kansas Area Vocational Technical*

31

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

School) – Employment Skills, June 1995.

- Vocational Education *(North Central Kansas Area Vocational Technical School)* – Industrial Technology/Furniture Manufacturing, November 1995.

- Biofeedback Workshop  *(Life Sciences Institute of Mind-Body Health)* – July 1998.

- Correspondence Education *(The Paralegal Institute)* – Legal Assistant/Paralegal Diploma, June 2000 (Tuition paid by Plaintiff personally).

l) Plaintiff's LSI-R score total is a 6, the lowest category of risk.

- *Level of Service Inventory-Revised (LSI-R)*: The LSI-R is an objective, 54-item risk/needs assessment instrument composed of ten subcomponents that contain both static and dynamic risk factors.  The instrument is a quantitative survey of attributes of offenders and their situations relevant to level of service decisions.  The LSI-R provides a consistent and valid method of predicting risk to re-offend and a reliable means of measuring offender change over time through reassessment.

- LSI-R definition obtained from Kansas Department of Corrections Internal Management Policy and Procedure 11-113.

m) Plaintiff received a very favorable Clinic Service Report ("CSR") conducted by Dr.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Michael Flesher (filed sometime between December 2007 – January 2008).

- On March 6, 2008, Tisha Phares, Director of the Mental Health Department of the El Dorado Correctional Facility, met with the Plaintiff and reviewed his CSR. Ms. Phares advised the Plaintiff that his CSR was **_very_** favorable, and that it was calculated that he only presented a 17% chance of re-offending, i.e., that there is an 83% chance that the Plaintiff **_will not_** re-offend.

- *Clinical Service Report (CSR)*: A mental health assessment completed by doctoral level psychologists at the request of the Kansas Parole Board to evaluate an offender's mental health and determine re-offense risk.

n) Plaintiff had a very well developed realistic parole plan with immediate family (Aunt and Uncle) wherein the Plaintiff planned to return to his home state of Idaho.

o) Plaintiff has in excess of $6,500.00 saved for potential release.

p) As of this filing the Plaintiff has served 16 years and 9 months in custody (consecutively incarcerated since November 1, 1991) of which equals 201 months to date.

q) In comparison, had the Plaintiff been sentenced pursuant to the most current grid of the Kansas Sentencing Guidelines Act ("KSGA")[K.S.A. 22-4701 et seq.], he would have served 186 months and been released (Minus 15% good time credits of

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

32.85 months).

r)   The Plaintiff earned 3,675.5 out of a possible 3,832.5 days of good time credits, having only 147 days forfeited or withheld.

s)   The Plaintiff has never been placed in administrative segregation while in custody.

t)   The Plaintiff has never even been issued - let alone convicted - of a Class I disciplinary report.

u)   The Plaintiff has never repeated the same disciplinary infraction.

v)   The Plaintiff's last disciplinary infraction occurred in October 2001.

w)   Plaintiff's disciplinary history was reported by prison officials as "inconsequential" to the Kansas Parole Board at the Plaintiff's most recent parole consideration hearing held on September 9, 2007.

x)   The Plaintiff does not have any history of illicit drug or alcohol use while in custody.

   •   Prior to incarceration the Plaintiff did not have any history of illicit drug usage and his consumption of alcohol had been limited.

y)   The Plaintiff has never displayed violence while in custody.

   •   Except for the Plaintiff's current convictions, he did not have any history of violence prior to his incarceration.

z)   The Plaintiff does not have any mental health issues.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone (316) 321-7284
Plaintiff Pro Se

- Verified by CSR.

aa) The Plaintiff has contributed in excess of $4,204.14 to the Kansas Crime Victim's

Compensation Fund during his incarceration and continues to make contributions.

- Kansas Department of Corrections Inmate Trust Fund financial records.

ab) The Plaintiff has contributed in excess of $15,000.00 towards his costs of

incarceration while in custody and continues to make contributions.

- Kansas Department of Corrections Inmate Trust Fund financial records.

ac) The Plaintiff submitted a letter of apology to the Crime Victim's Repository.

- Filed by the Office of Victim's Services October 31, 2007.

ad) The Plaintiff was deemed very immature at the time the offenses occurred.

- *State of Kansas v. Nathaniel W. Ellibee*, Geary County, Kansas, Case No.

91-CR-1152, October 21, 1992, Sentence Modification Hearing Transcript,

page 4, lines 22-25; page 5, lines 1-4.

ae) The prosecution recognized the Plaintiff as a "Youthful Offender."

- *State of Kansas v. Nathaniel W. Ellibee*, Geary County, Kansas, Case No.

91-CR-1152, October 21, 1992, Sentence Modification Hearing Transcript,

page 5, line 25.

- The term *"Youthful Offender"* holds a specific designation in the law

recognizing a person as being older than a juvenile but younger than an

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

adult. *Barron's Law Dictionary, 4th ed.*, page 560.

af)     The probative value of Plaintiff's commitment offense as a predictor of his present

dangerousness is further diminished by Plaintiff's age at the time of the offense.

Plaintiff turned 19 on May 25, 1991 and committed his offense on September 21,

1991. While Plaintiff was not legally a minor, he was very close to being one.

## **DETAILED REASONING FOR DECISION** - 14th AMENDMENT

*12.*     *K.S.A. 1991 Supp. 22-3717(h)* states, "*the board shall state in detail the specific reasons*

*for not granting parole.*"     The Respondent's only provided the boilerplate reasons for

denial of parole and failed to provide any *"detail."*

This is an Ex Post Facto violation as the current version of K.S.A. 22-3717 does not

contain this mandatory requirement. However, as the Plaintiff's offenses were committed

on September 20, 1991, the 1991 version of K.S.A. 22-3717 is controlling over the

Plaintiff. The failure to provide detailed reasoning is an unlawful arbitrary capricious

action by the Respondent's. A lack of *detailed* reasoning denies the Plaintiff not only of the

ability to make an informed decision and conduct research to possibly appeal the decision,

it further deprives the Plaintiff of the ability to gain insight into the possibility of what the

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Plaintiff may be able to do to enhance his chances of a more favorable parole decision in

the future.

a)    Plaintiff sent a letter requesting such details to the Respondent's dated February 15,

2008.  (Appendix – Exhibit "D").

b)    Respondent's sent a response to the Plaintiff dated February 28, 2008 that was not

responsive to the question presented.  (Appendix – Exhibit "F").

## ANNUAL FILE REVIEW - 14th AMENDMENT

*13.*    *K.S.A. 1991 Supp. 22-3717(h)* states, *"...and shall conduct an annual file review for such*

*inmate.  Written notice of such annual review shall be given to the inmate."*    The

Respondent's failed to ever provide the Plaintiff any such annual review between 2002-

2007, therefore it is reasonably foreseeable that such mandatory reviews will not occur

between 2008-2011.

This is an Ex Post Facto violation as the current version of K.S.A. 22-3717 does not

contain this mandatory requirement.  However, as the Plaintiff's offenses were committed

on September 20, 1991, K.S.A. 1991 Supp. 22-3717 is controlling over the Plaintiff. The

failure to provide annual file reviews is an unlawful arbitrary capricious action by the

Respondent's.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

   *a)*    As certain inmates are afforded "special hearings" and released on parole ***before***

their next scheduled parole eligibility date [their is no identifiable statutory or

regulatory provision for these "special hearings"], The Plaintiff is forced to

conclude that such releases on parole must be related to annual file reviews, a

consideration denied to the Plaintiff.

   b)    Discovery will be required to identify all inmates of whom have received "special

hearings" and been released on parole prior to their next scheduled parole

eligibility date.

      •    Terry McClain is one such offender.


## **CONFRONTATION OF EVIDENCE** - 14th AMENDMENT


14.    Plaintiff asserts that he was denied confrontation or the opportunity to rebut the evidence

that the Respondent's considered, a violation of due process. A failure to afford the Plaintiff

confrontation deprived the Respondent's of verification as to the accuracy or completeness

of the evidence that their decision was based upon and subjected the Plaintiff to a

fundamentally unfair hearing and decision-making process, contrary to any State interest

and a violation of due process. This is an unlawful arbitrary and capricious action by the

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff Pro Se

Respondent's. Material to include, but not limited to, the following:

a)      Information file(s) provided to the Respondent's by the Kansas Department of

Corrections;

- •      Narratives;

- •      Incident Reports;

- •      E-mail communications;

- •      Observation reports;

- •      KDOC recommendations;

- •      KDOC staff comments;

- •      Any other information provided by the KDOC;

- •      Information provided by the Kansas Bureau of Investigation ("KBI");

- •      Information provided by the Kansas Attorney General;

- •      Information provided by any other State or Federal law enforcement

   agency;

- •       CSR;

- •      LSI-R;

- •      Public comments;

- •      Victim's family comments; and,

- •      Official comments.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone (316) 321-7284
Plaintiff, Pro Se

b)      Any other material received from any other source.


## **HEARING RECORD** - 14th AMENDMENT


15.      Plaintiff has been denied a record of the parole consideration hearing. The denial of such a

record prohibits the Plaintiff from the perfection of a meaningful appeal or pursute of a

writ of habeas corpus and denies any reviewing authority – judicial or otherwise – from

peering into the minds of the Respondents and having the opportunity to review an

objective unbiased basis for their decision-making in violation of fundamental due process.

In this case, has a verbatim record been preserved the consideration of prohibited factors,

and, a failure to meaningfully consider **all** statutory criteria factors by the Respondents

would be irrefutable. There is absolutely no State interest advanced by failing to mandate a

record of such hearings. The denial of a hearing record violates due process and is an

unlawful arbitrary capricious action by the Respondent's.


## **SERIOUS NATURE/CIRCUMSTANCES OF CRIME; VIOLENT NATURE OF CRIME**
## 14th AMENDMENT


16.      Plaintiff asserts that there is no basis, evidence or allegation showing his offense(s) are any

more serious or violent than any other murder occurring in conjunction with the application

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

of the *Felony Murder Theory*. A lack of some evidence violates due process. There are not

any special circumstances or aggravating factors showing Plaintiff's offenses to be

especially egregious. The crime scenario of which resulted in the Plaintiff's convictions

was a classic textbook convenience store robbery gone bad. By no means whatsoever does

the Plaintiff intend to trivialize this horrible tragedy, as the death of the innocent victim in

this Case can never be lessened, nor would the Plaintiff desire to do so. This determination

by the Respondent's without any evidentiary basis is a violation of due process and an

unlawful arbitrary and capricious action by the Respondent's.

## SHAM PAROLE CONSIDERATION HEARING - 14th AMENDMENT

17.   Plaintiff asserts that his parole consideration hearing was a sham as the Plaintiff was denied

parole based upon factors and reasoning that existed prior to the hearing conducted on

September 9, 2007. All of the reason(s) cited by the Respondents for denial of parole, and

for an Extended Pass, i.e., "*Serious nature/circumstances of crime; violent nature of crime;

objections.*" existed and were already known to the Respondent's prior to the hearing.

Further, The Kansas Parole Board in conjunction with the Kansas Department of

Corrections had already made a determination, possibly as early as 1995 that the Plaintiff

would not be paroled until after he has served 21 years. Therefore, it is clear that the

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Respondent's had already made a decision prior to the Hearing. The failure to afford the

Plaintiff a fair and unbiased parole consideration hearing is a violation of due process and

an unlawful arbitrary and capricious action by the Respondent's.

a)     The factual basis of the Plaintiff's offense(s) is well documented in the Plaintiff's

        files.

        •       This means that the alleged, *"Serious nature/Circumstances of crime;*

                *Violent nature of crime;"* was already known to the Respondent's.

        •       The erroneous aggravating factor raised by Respondent Feleciano in the

                parole consideration hearing that the Petitioner had kept the shell casing

                from the bullet that murdered the victim was exposed as erroneous by

                irrefutable evidence that it was not true.  See *State v. Ellibee*, Geary County

                Case No. 91-CR-1152, Sentence Hearing Transcript, pg. 8, lines 13-17,

                March 23, 1992.

        •       Apparently, the Respondent's turned a blind-eye to the sentencing record

                that refutes the one "circumstance" of concern that the Respondent's raised

                in the parole consideration hearing.

b)     Public comment sessions regarding Petitioner's parole were conducted in August

        2007, a month prior to the Petitioner's parole consideration hearing.

        •       This means that the *"Objections."* were already known to the Respondent's

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

prior to the Hearing.

- The issue of Objections was not raise or discussed with the Petitioner in the parole consideration hearing by the Respondent's.

- There is evidence that Objections was an issue previously known to the Kansas Parole Board at the Plaintiff's 2002 Parole consideration.

c) On the afternoon of September 9, 2007 after the conclusion of the Parole consideration hearings, Respondent Feleciano advised prison officials as he was departing the facility, *"No one from this group is making parole."*

d) The Plaintiff has discovered documents in his prison files titled "*Kansas Department of Corrections – Inmate Data Summary*" wherein it states under the section titled, *"Sentence Data," "**Total Months to Serve: 252**."* (252 months equals 21 years).

- Calculations of sentences in terms of months is reserved exclusively for those offenders sentenced pursuant to the *Kansas Sentencing Guidelines Act ("KSGA")* [ K.S.A. 22-4701 et seq.].

- The Plaintiff not subject to the KSGA.

- The Plaintiff's offenses calculated under *__any__* version of the KSGA would not equate 252 months.

- The Petitioner will have served 240 months when he is again eligible for

43

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

parole consideration on October 1, 2011.

- *No* offender receives release directly after serving an "*Extended Pass*," i.e.,

    the Petitioner *will be* denied parole again in 2011.

e)   On September 18, 2007 the Respondent's continued the decision on Plaintiff's

    parole consideration, requesting that a Clinical Service Report ("CSR") be

    conducted.

f)   Dr. Michael Flesher conducted an interview with the Plaintiff on October 31, 2007

    in relation to the requested CSR.

g)   The reasons given for denial of parole by the Respondent's were not in any manner

    related to the results of the CSR.


## SUBVERSION OF SENTENCING INTENT - 14th AMENDMENT


18.   Plaintiff asserts that the continuous denial of parole by the Respondent's is contrary to the

    sentencing intent of the Kansas legislature, the Sentencing judge, the Prosecutor, the

    Victim's family and Public policy, a violation of due process. Governor Kathleen Sebelius

    did not appoint the Respondent's as members of the Kansas Parole Board for the purpose of

    second guessing the lawfully imposed sentence or the decision-making and opinions

Nathaniel W. Fillbee
1737 S E. U S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

applied by the aforestated relevant parties that contributed to that Sentence determination.

It is the duty of the Respondent's to determine; based upon the conduct and actions of the

Plaintiff displayed *after* the offenses were committed, whether or not the Plaintiff is able

and willing to be a law abiding citizen and if he would be a detriment to society or himself

if released.  That is the limit of the Respondent's jurisdiction.  **The Petitioner is being**

**denied parole based exclusively upon conduct displayed prior to his incarceration**, i.e.,

the criminal conduct that resulted in his incarceration. The subversion of sentencing intent

is a violation of due process and an unlawful arbitrary and capricious action by the

Respondent's.

*a)*    *Subversion of Legislative intent.*  The Plaintiff was sentenced to a controlling term

   of 21 years to Life.

- The sentencing laws in effect at the time the Plaintiff's offense(s) occurred
  afforded the Plaintiff the opportunity to earn good time credits towards his
  parole eligibility.

- The Plaintiff earned approximately 3,675 out of a possible 3,832 days of
  good time affording the Plaintiff his initial parole consideration at just
  under 11 years.

- The Respondent's have thus far denied the Plaintiff's parole consideration
  on two occasions for a combined total of 9 years, of which will cause the

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

> Plaintiff to serve 20 years before his third parole consideration of which
>
> deprives the Plaintiff of the legislatively intended benefit of his earned good
>
> time credits.

*b)*   ***Subversion of Sentencing judges intent.***   Although the sentencing judge imposed

the maximum consecutive sentence upon the Plaintiff, Judge Scott did not express

any desire or wish to impose a more severe sentence.

· In light of the fact that the sentencing judge had the authority to impose a

mandatory minimum terms of fifteen (15) years of use of a firearm [ K.S.A.

1991 Supp. 21-4618 ] upon the Plaintiff – of which he did not do, it is clear

that the sentencing judge's intent was for the Plaintiff to be considered for

parole after serving a period of incarceration ***less than*** 15 years.

*c)*   ***Subversion of Victim's family intent.***   The victim's family was consulted and they

agreed to the reduction of the Plaintiff's original charge of *Aiding and Abetting*

*Felony Murder* of which would have required the Plaintiff to serve 15 years until

parole eligibility to the lesser charge of *Aiding and Abetting Murder in the Second*

*Degree* wherein the Plaintiff was required to serve 7 ½ years until parole eligibility.

· See *State v. Ellibee,* Geary County, Kansas, Case No. 91-CR-1152, March

23, 1992, Sentence Hearing Transcript, page 6, lines 7-8 .

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

    *d)*     ***Subversion of Prosecutor's intent.*** The factual basis of the Plaintiff's offense supported other additional possible charges that the prosecutor exercised the discretion not to charge. If the prosecutor intended or desired for the Plaintiff to serve a longer period of incarceration prior to becoming parole eligible he would have charged the Plaintiff with the following:

- (1) *Aiding and Abetting Felony Murder*; (2) *Aiding and Abetting Aggravated Kidnapping*; (3) *Attempted Aggravated Robbery*; (4) *Conspiracy to Commit Aggravated Kidnapping*; and, (5) *Conspiracy to Commit Aggravated Robbery*, of which under the 1991 controlling law would have caused the Plaintiff to serve – in the event that he earned all available good time credits – 26 years prior to becoming eligible for parole.

- However, what the prosecutor did in fact do is charge the Plaintiff with the following: (1) *Aiding and Abetting Murder in the Second Degree (*an offense the prosecutor exercised his discretion in reducing from Aiding and Abetting Felony Murder); (2) *Attempted Aggravated Robbery;* and, (3) *Conspiracy to Commit Aggravated Robbery*, of which afforded the Plaintiff – in the event that he earned all available good time credits – to become parole eligible after 10 ½ years.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## **ARBITRARY AND CAPRICIOUS DECISION-MAKING PROCESS** - 14th AMENDMENT

19.    The Kansas Parole Board has failed to create or implement policies, procedures, guidelines

or criterias in relation to the evaluation and decision-making regarding the parole

suitability of offenders, contrary to basic due process, resulting in a wholly ad hoc

decision-making process by the Respondent's. This established practice is a violation of

due process and an unlawful arbitrary capricious action by the Respondent's.

a)    The Kansas Parole Board "*Decision Sheet*," an internal document of the

Respondent's, does not list the eighteen (18) parole consideration factors articulated

in K.S.A. 22-3717.

•    It in fact lists "Pass Reasons" that are outside of the statutory criteria, such

as, "*denies responsibility,*" (denies responsibility is cited as an example

only, the Respondent's did not apply it to the Plaintiff).

b)    The Kansas Parole Board does not have any policies, procedures, guidelines or

criterias for the evaluation, investigation or verification of information in comments

received from victims, victim's family, public or officials.

•    Letter from Petitioner to Respondent's dated February 15, 2008 (Appendix

– Exhibit "E").

•    Letter from Petitioner to Respondent's dated February 29, 2008 (Appendix -

48

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

Exhibit "G").

- Objections are very persuasive in the Respondent's decision-making, and are often the basis for denying offenders parole.

- Absent any authentication of the information contained within the comments, it is unknown if there may be false information provided, or, vindictive motives behind the comments.

c)   The Kansas Parole Board does not have any policies, procedures guidelines or criterias to ensure consistent decision-making regarding similarly-situated offenders.

- Letter from Petitioner to Respondent's dated February 15, 2008 (Appendix – Exhibit "E").

- Letter from Petitioner to Respondent's dated February 29, 2008 (Appendix - Exhibit "G").

- Offenders with more severe criminal histories, institutional records and conviction offenses are paroled in comparison to those who have more favorable records.

d)   Even when denied parole, offenders with far more favorable records are denied parole for longer periods of time than those offenders with less favorable records and more severe offenses.  Examples:

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

- Ronnie Caldwell, passed for three (3) years in 2007, drug related murder wherein he shot the victim five (5) times.

- Fred W. Deavers, passed for three (3) years in 2005, murdered a law enforcement officer. See *State of Kansas v. Fred W. Deavers*, 252 Kan. 149, 843 P.2d 695 (Kan. 1992).

- Richard W. Harmon, passed for three (3) years in 2005, murdered his own brother, his second time in prison. See *State of Kansas v. Richard W. Harmon*, 254 Kan. 87, 856 P.2d 1011 (Kan. 1993).

- Discovery will identify many more such examples.

## VII.
## PRAYER FOR RELIEF

## DECLARATORY

1. **RETALIATION** [ § IV. 1 ]

   a) The Petitioner has a constitutionally protected right under the 1st Amendment to redress grievances against the government concerning colorable issues of public interest, and under the 6th Amendment to access the courts.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

b)    The Petitioner's various litigation and complaints conducted both on his own behalf

and on behalf of others addressed colorable issues of public interest and constitute

constitutionally protected activity.

c)    The Defendants improperly considered and applied the Plaintiff's litigation and

complaint activities in the parole consideration process.

d)    The Defendant's retaliated against the Plaintiff by causing the Plaintiff to serve a

lengthier term of imprisonment and denying the Plaintiff parole.

e)    Retaliation qualifies as arbitrary and capricious action by the Respondents.

## 2.    **UNCONSTITUTIONAL PAROLE CRITERIA** [ § IV. 2 ]

a)    The Petitioner has a constitutionally protected right under the 5th Amendment to not

be subjected to double jeopardy.

b)    "*Circumstances of the offense*" and "*Victim's family, public and official comments*"

were criterias considered and applied by the sentencing court when imposing the

Petitioner's sentence(s).

c)    "*Circumstances of the offense*" and "*Victim's family, public and official comments*"

are criterias identified to be applied for parole consideration by K.S.A. 1991 Supp.

22-3717.

d)    "*Circumstances of the offense*" and "*Victim's family, public and official comments*"

were criterias considered and applied by the Respondent's when considering and

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

denying the Petitioner's parole.

e)    "*Circumstances of the offense*" and "*Victim's family, public and official comments*"

portions of K.S.A. 1991 Supp. 22-3717(f) are a violation of double jeopardy clause

of the 5th Amendment of the U.S. Constitution.

f)    The Respondent's subjected the Petitioner to double jeopardy when they considered

and applied the very same factors in denying the Petitioner parole as the sentencing

court applied when imposing the Petitioner's sentence.

g)    Double jeopardy qualifies as arbitrary and capricious action by the Respondents.

3.    **SIMILARILY SITUATED** [ § IV. 3]

a)    The Petitioner has a constitutionally protected right under the 14th Amendment to

be treated in an equal manner as other similarly situated persons.

b)    Other offenders with similar or more severe crime scenarios, criminal histories and

institutional records than the Plaintiff have been granted parole by the Defendants.

c)    There is no legitimate State interest in treating the Petitioner in a different manner

than other similarly situated persons.

d)    The Defendants denied the Plaintiff equal protection by causing the Plaintiff to

serve a lengthier term of imprisonment and denying the Plaintiff parole.

e)    Denial of equal treatment qualifies as arbitrary and capricious action by the

Respondents.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

4.    **LITIGIOUSNESS** [ § IV. 4 ]

    a)    The Petitioner has a constitutionally protected right under the 14th Amendment to be treated in an equal manner as other similarly situated persons.

    b)    Other offenders with similar or more severe crime scenarios, criminal histories and institutional records than the Plaintiff have been granted parole by the Defendants.

    c)    There is no legitimate State interest in treating the Petitioner in a different manner than other similarly situated persons.

    d)    Other similarly situated inmates that are not litigious serve a lesser term of imprisonment and are granted parole.

    e)    The Defendants denied the Plaintiff equal protection by causing the plaintiff to serve a lengthier term of imprisonment and denying the Plaintiff parole due to his litigiousness.

    f)    Denial of equal treatment based upon litigiousness qualifies as arbitrary and capricious action by the Respondents.

5.    **OBJECTIONS** [ § IV. 5 ]

    a)    The Petitioner has a constitutionally protected right under the 14th Amendment to be treated in an equal manner as other similarly situated persons.

    b)    Other offenders with similar or more severe crime scenarios, criminal histories and

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

institutional records than the Plaintiff have been granted parole by the Defendants.

c)    There is no legitimate State interest in treating the Petitioner in a different manner than other similarly situated persons.

d)    Other similarly situated inmates that did not have objections serve a lesser term of imprisonment and were granted parole sooner than those offenders that due have objections.

e)    The Defendants denied the Plaintiff equal protection by causing the Plaintiff to serve a lengthier term of incarceration and denying the Plaintiff parole due to objections.

f)    Denial of equal treatment due to objections qualifies as arbitrary and capricious action by the Respondents.

6.    **OFFENDER GENDER** [ § IV. 6 ]

a)    The Petitioner has a constitutionally protected right under the 14th Amendment to be treated in an equal manner as other similarly situated persons and to not be subject to sex-based discrimination.

b)    Other offenders with similar or more severe crime scenarios, criminal histories and institutional records than the Plaintiff have been granted parole by the Defendants.

c)    There is no legitimate State interest in treating the Petitioner in a different manner than other similarly situated persons.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

d)      Female offenders serve a lesser term of imprisonment and are granted parole far

        sooner than male offenders.

e)      The Defendants denied the Plaintiff equal protection by causing the Plaintiff to

        serve a lengthier term of imprisonment and denying the Plaintiff parole due to him

        being a male offender.

f)      Denial of equal treatment due to the gender of the offender qualifies as arbitrary

        and capricious action by the Respondents.

7.    **UNCHANGING FACTORS** [ § IV. 7 ]

a)      The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)      Continued reliance upon unchanging factors by the Respondents to cause the

        Petitioner to serve a lengthier term of imprisonment and deny the Petitioner parole

        violates Due Process.

c)      The Respondent's relied upon unchanging factors in denying the Petitioner parole.

d)      Denial of parole based upon unchanging factors qualifies as arbitrary and

        capricious action by the Respondents.

8.    **SOME EVIDENCE** [ § IV. 8]

a)      The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)      Decision-making not supported by "*some evidence*" violates due process.

c)      A decision to deny the Petitioner parole or to issue the Petitioner an "*Extended*

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

*pass*" must be supported by "*some evidence.*"

d)     The decision by the Respondent's to deny the Petitioner parole and to issue him an extended four (4) year pass was not supported by "*some evidence.*"

e)     Decision-making lacking "some evidence" qualifies as arbitrary and capricious action by the Respondents.

9.    **CONFLICT – OF – INTEREST** [ § IV. 9]

a)     The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)     Participation in decision-making when there is a conflict-of-interest violates due process.

c)     Defendant Biggs has a significantly enhanced knowledge of the Petitioner's crime scenario and victim's family as she is the wife of Christopher Biggs, the prosecutor that obtained convictions on behalf of the state of Kansas against the Plaintiff, and due her having a familiarity with the victim's family far beyond that which would be reasonably expected of a parole board member as the victim's family participated in television election campaign advertisements in support of her husbands 2002 bid for the office of Kansas Attorney General.

d)     It was a conflict-of-interest for Defendant Biggs to participate in the decision-making concerning the Plaintiff's parole consideration.

e)     The Plaintiff was unfairly prejudiced by the participation of Respondent Biggs in

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

the decision-making concerning the Plaintiff's parole consideration.

f)      Participation in decision-making by Respondent Biggs in the Plaintiff's parole consideration process with a conflict-of-interest qualifies as arbitrary and capricious action by the Respondents.

10.   **APPLICATION OF PAROLE CRITERIA** [ § IV. 10 ]

a)      The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)      A failure to apply the clearly articulated parole criteria consideration factors established in K.S.A. 1991 Supp. 22-3717 violates due process.

c)      The parole criteria consideration factors articulated in K.S.A. 22-3717 are mandatory, as is established by *Priest v. McKune*, 178 P.3d 80 (Kan. 2008).

d)      The Respondent's did not apply and consider all of the parole criteria consideration factors when determining the Petitioner's parole eligibility.

e)      A failure to apply or consider all statutory criteria factors in the parole consideration process violates due process qualifies as arbitrary and capricious action by the Respondents.

11.   **CONSIDERATION OF FAVORABLE / MITIGATING EVIDENCE** [ § IV. 11 ]

a)      The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)      K.S.A. 1991 Supp. 22-3717(f) directs the Respondent's to consider "*all pertinent information regarding such inmate*" of which would clearly and reasonably include

Nathaniel W. Fllbee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

any and all available favorable / mitigating factors regarding the Petitioner.

c) A failure of the Respondent's to adhere to and apply the clear language of K.S.A.

1991 Supp. 22-3717(f) violates due process.

d) The Respondent's did not consider or apply all favorable / mitigating factors

available regarding the Plaintiff.

e) A failure to consider information and evidence that is mitigating and favorable to

the Petitioner during the parole consideration process qualifies as arbitrary and

capricious action by the Respondents.

12. **DETAILED REASONING FOR DECISION** [ § IV. 12 ]

a) U.S. Const. Art. 1, § 9, cl. 3, see art. 1, § 10, cl. 1, "No Bill of Attainder or ex post

facto law shall be passed."

b) The Petitioner is subject to K.S.A. 1991 Supp. 22-3717(h); the version of the statute

that was in force and effect on the date that his offense(s) occurred.

c) The Respondents failed to provide the Petitioner ***detailed*** reasoning for their

decision to deny the Petitioner parole on February 7, 2008.

d) A lack of ***detailed*** reasoning for the denial of parole prejudices the Plaintiff as it

denies him of the ability to have insight into anything that he may do to improve his

chance of a more favorable parole consideration in the future.

e) The Respondent's violated the Ex Post Facto clause of the U.S. Constitution by

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

failing to apply to the Petitioner the version of the statute that was in force and

effect on the day that his offense(s) occurred; K.S.A. 1991 Supp. 22-3717(h).

f)    A lack of *detailed* reasoning for denial of parole; under the Petitioner's fact and

circumstances, qualifies as arbitrary and capricious action by the Respondents.

13.   **ANNUAL FILE REVIEW** [ § IV. 13 ]

a)    U.S. Const. Art. 1, § 9, cl. 3, see art. 1, § 10, cl. 1, "No Bill of Attainder or ex post

facto law shall be passed."

b)    The Petitioner is subject to K.S.A. 1991 Supp. 22-3717(h), the version of the statute

that was in force and effect on the date that his offense(s) occurred.

c)    the Respondents have prejudiced the Petitioner by failing to conduct A*nnual File

Reviews* as the Petitioner has been deprived of possible reconsideration(s) of his

denial of parole.

d)    The Respondent's violated the Ex Post Facto clause of the U.S. Constitution by

failing to apply to the Petitioner the version of the statute that was in force and

effect on the day that his offense(s) occurred; K.S.A. 1991 Supp. 22-3717(h).

e)    Denial of *Annual File Reviews;* under the Petitioner's facts and circumstances

qualifies as arbitrary and capricious action by the Respondents.

14.   **CONFRONTATION OF EVIDENCE** [ § IV. 14 ]

a)    The 14th Amendment entitles the Petitioner to Due Process rights and protections.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

b)   The Respondent's did not afford the Petitioner any opportunity to review or respond

to ***any*** evidence considered by the Respondent's in denying the Petitioner parole.

c)   Denying the Plaintiff the opportunity to confront evidence applied in the parole

consideration process qualifies as arbitrary and capricious action by the

Respondents.

15.   **HEARING RECORD** [ § IV. 15 ]

a)   The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)   A failure to preserve a record of a formal hearing procedure violates fundamental

due process.

c)   There is no State interest in failing to preserve a parole hearing record.

d)   There is no undue burden placed upon the State in requiring a hearing record.

e)   The lack of a hearing record prevents any reviewing authority the opportunity to

peer into the minds of the Respondent's or understand the context in which

evidence and testimony was presented and considered.

f)   There was not any record made of the Petitioner's parole consideration hearing by

the Respondents on September 9, 2007.

g)   A lack of any record of the Petitioner's parole consideration hearing has denied the

Petitioner evidence to support claims asserted here in this action.

h)   Failing to preserve a record of the Petitioners parole consideration hearing qualifies

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

as arbitrary and capricious action by the Respondents.

16.    **SERIOUS NATURE / CIRCUMSTANCES OF CRIME; VIOLENT NATURE OF CRIME** [ § IV. 16 ]

    a)    The 14th Amendment entitles the Petitioner to Due Process rights and protections.

    b)    Consideration of factors that were already applied by the Sentencing court, and, are factors that will remain unchanged violate due process.

    c)    Consideration of previously applied and unchanging factors qualifies as arbitrary and capricious action by the Respondents.

17.    **SHAM PAROLE CONSIDERATION HEARING** [ § IV. 17 ]

    a)    The 14th Amendment entitles the Petitioner to Due Process rights and protections.

    b)    The conducting of a hearing when there is evidence that the outcome of the hearing has already been predetermined violates fundamental due process.

    c)    The evidence to support the Respondent's decision to deny the Plaintiff parole and to issue the Plaintiff an extended four (4) year pass was known to the Respondent's prior to the Plaintiff's parole consideration hearing conducted on September 9, 2007.

    d)    There is evidence to show that the Respondent's disregarded evidence and testimony proffered at the Petitioner's parole consideration hearing and that the Respondent's failed to consider the results of the Petitioner's CSR, supporting a

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

conclusion that it was predetermined by the Respondent's to deny the Petitioner

parole and that the hearing was a sham.

e)    A parole consideration hearing conducted where the decision as to the outcome is

already predetermined is a sham and qualifies as arbitrary and capricious action by

the Respondents.

## 18.    **SUBVERSION OF SENTENCING INTENT** [ § IV. 18 ]

a)    The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)    A subversion of the legislative, judicial, prosecutorial sentencing intent by the

Respondent's violates due process.

c)    The actions of the Respondent's; in light of the facts and circumstances of the

Petitioner, violated the sentencing intent.

d)    Subverting the intent of the Petitioners sentence qualifies as arbitrary and

capricious action by the Respondents.

## 19.    **ARBITRARY AND CAPRICIOUS DECISION – MAKING PROCESS** [ § IV. 19 ]

a)    The 14th Amendment entitles the Petitioner to Due Process rights and protections.

b)    The Respondent's do not have procedures, policies, guidelines, and criteria for

parole eligibility consideration.

c)    The Respondent's did not apply any procedures, policies, guidelines or criterias

when considering and denying the Petitioner parole and issuing the Petitioner a four

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

(4) year extended pass.

d)    A failure to develop and implement procedures, policies, guidelines, and criteria for

parole consideration qualifies as arbitrary and capricious action by the

Respondents.

## INJUNCTIVE

1.    Order the granting of an unconditional Writ of Habeas Corpus releasing the Petitioner from

the custody of both the Kansas Parole Board and the Kansas Department of Corrections as

justified by the following:

a)    The irreversible wrongs suffered by the Petitioner under the Respondent's arbitrary

and capricious abuse of authority giving rise to this Petition.

b)    The inability of this Court to craft a remedy that can protect the Petitioner from

subtle, covert retaliation by the Respondents, or future Kansas Parole Board

members, or the Kansas Department of Corrections while in prison, at future parole

consideration hearings, or on parole or Postrelease status.

c)    In consideration of the amendment to K.S.A. 2008 Supp. 22-3717(h) that is

intended for retrospective application by the Kansas legislature [2007 KS S.B. 411]

wherein it states, *"Proportionality of the time the inmate has served to the sentence*

*a person would receive under the Kansas Sentencing Guidelines for the conduct*

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

*that resulted in the inmate's incarceration;"* [Plaintiff asserts that his offenses are

classified as "on-grid" offenses under the KSGA and that he has in fact exceeded

the period of incarceration required for those offenses].

## ALTERNATIVE INJUNCTIVE

(In the event that the foregoing No. 1 is denied)

2.     Set-aside the four (4) year Extended-Pass decision issued by the Respondents to the

Petitioner on February 7, 2008.

3.     Order that the Petitioner be immediately afforded a new parole consideration hearing.

a)     Petitioner moves for this Court to articulate a specific date or time period in which

to complete said hearing *and* render a final decision.

•      Petitioner moves for the Court to also establish a non-compliance sanction.

4.     Order that the Petitioner at his new parole consideration hearing be interviewed by and the

decision rendered by persons *other than* the Respondents.

a)     Petitioner moves for this relief as a remedy to protect the Petitioner from the

significant risk of covert reprisal and retaliation by the Respondent's for Petitioner's

engaging in the constitutionally protected activity of prosecuting this Action, as it is

foreseeable that the Petitioner will not receive meaningful parole consideration

from the Respondent's.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

        b)     As there is no remedy under Kansas law for alternative Parole Board members to be selected to conduct a parole consideration hearing for the Petitioner, the Petitioner moves for the Court to conduct his Parole consideration hearing, or, for the Court to cause the selection and/or approve qualified persons to conduct the Petitioner's parole consideration hearing.

5.     Order a verbatim record (electronically recorded or Reporter) be made of the Petitioner's parole consideration hearing.

6.     Order that the Kansas Parole Board articulate on the Record; subject to the Court's approval, guidelines/criterias to be applied in the Petitioner's parole consideration hearing.

7.     Order guidelines/criterias for Petitioner to review and be provided a copy; at no cost, of the record of his personal offender and public comment hearings.

        a)     To include a copy of any written objections/comments.

8.     Order that guidelines/criterias for any possible application of the "Extended Pass" clause of K.S.A. 22-3717 to the Petitioner be established on the Record.

9.     Order guidelines/criterias for an appeal process for Petitioner's parole decisions, to be conducted by an authority other than the Kansas Parole Board.

10.    Order that the Kansas Parole Board cease from the application or consideration of parole criteria factors, to-wit: "*Circumstances of the offense*" and "*Victim's family, public and official comments*" against the Petitioner as they were already considered and applied by

65

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

the Sentencing court against the Petitioner.

11.     Order that the Kansas Parole Board provide to the Petitioner *detailed* reasoning for their

        decisions, pursuant to K.S.A. 1991 Supp. 22-3717(h).

12.     Order that the Kansas Parole Board provide to the Petitioner *annual reviews* pursuant to

        K.S.A. 1991 Supp. 22-3717(h).

13.     Order guidelines/criterias for the possibility of any *"special hearings"* concerning the

        Petitioner.

        a)      "Special hearings" are those hearings wherein certain offenders are afforded a new

                parole consideration hearing prior to their next scheduled appearance before the

                Kansas Parole Board.

14.     Order guidelines/criterias for Petitioner to review any and all material or evidence applied

        by the Kansas Parole Board at his parole consideration hearing; in advance of said hearing,

        and provide at no cost to the Petitioner copies of said material for hearing and/or appeal

        preparation purposes. To include but not limited to:

        a)      Written or verbal comments received from any source, i.e., public, officials, victims

                family, victim, etc., et al.

        b)      Any material provided to the Kansas Parole Board by the Kansas Department of

                Corrections.  To include but not limited to:

                •       Staff comments, written or verbal.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

        •      Records or files.

        •      Diagnostic test or reports.

c)     Any material provided to the Kansas Parole Board by any other State or Federal agency.

15.    Order for a copy of any and all aforestated guidelines/criterias to be provided at no cost to the Petitioner immediately upon final approval of the Court.

16.    Order for the aforestated injunctive relief ordered by the Court to remain in force and effect for as long as the Petitioner remains subject to the sentence(s) imposed in Geary County, Kansas, Case No. 91-CR-1152.

17.    For the Court to select and appoint a special master to oversee the foregoing ordered injunctive relief and for the Respondent's to bear all costs thereof.

## NOMINAL

1.    Plaintiff/Petitioner moves for the court to award nominal damages in the amount of $1.00.

## COSTS

1.    Plaintiff moves for this Court to award Plaintiff any and all costs in this action authorized by law.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## MISCELLANEOUS

1.  Plaintiff moves for this Court to order any and all other relief, in law or equity, that would

    be in the furtherance and interest of justice.

## VIII.
## JURY TRIAL DEMAND

1.  The Plaintiff demands a trial by jury on all issues of fact that are determinable by a jury

    contained herein.

## IX.
## TRIAL VENUE

1.  Plaintiff moves for this matter to be set for trial at the *United States District Court for the*

    *District of Kansas – **Wichita Division***, 401 N. Market St., Wichita, Kansas, 67202-2096.

    As the Plaintiff is incarcerated at the El Dorado Correctional Facility of which is located in

    the South-Central region of the state of Kansas.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, Kansas 67042-8264
Phone: (316) 321-7284
Plaintiff, Pro Se

## X.
## **VERIFICATION**

I, Nathaniel W. Ellibee, being of lawful age and sworn upon my oath pursuant to 28 U.S.C. § 1746; 18 U.S.C. 1621, hereby state that I have reviewed the contents of the foregoing Complaint/Habeas Corpus and that the contents thereof are both true and correct to the best of my knowledge.

Done this 4TH day of August, 2008.

Nathaniel W. Ellibee
1737 S.E. U.S. Hwy. 54
El Dorado, KS. 67042-8264
Plaintiff, Pro Se

STATE OF KANSAS        ]
                       ]    ss:
COUNTY OF BUTLER       ]

SWORN AND SUBSCRIBED to before me this 4 day of August, 2008.

Notary Public

NOTARY PUBLIC - State of Kansas
HEATH AUSTIN
My Appt. Expires 11/2/2010

69