```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS


NATHANIEL W. ELLIBEE,

                         Plaintiff,

          v.                                  CASE NO. 08-3186-SAC
PAUL FELECIANO, JR., et al.,

                         Defendants.
```

**O R D E R**

This matter is before the court on pro se pleading titled as a "CIVIL RIGHTS COMPLAINT & PETITION FOR WRIT OF HABEAS CORPUS," as later amended, filed by a prisoner in the custody of the Kansas Department of Corrections (KDOC). Plaintiff names three members of the Kansas Parole Board (KPB) as defendants, and alleges error in their February 2008 decision to deny plaintiff parole and to pass him until October 2001 for reconsideration of his release on parole.

In his hybrid complaint and petition, plaintiff claims defendants' denial of parole violated his constitutional rights. He claims he was not treated the same as similarly situated inmates granted parole who had not pursued litigation, who had no community objections to parole, or who were female. He further complains the use of unchanging boilerplate reasons to deny him parole was both constitutionally insufficient and noncompliant with Kansas law. He contends defendants did not allow him to rebut evidence being

considered, and prevented any meaningful review by not providing plaintiff with a record of his parole consideration hearing. Plaintiff further contends the KPB hearing was a sham because the outcome was predetermined, and claims the continuous denial of parole for pre-incarceration conduct in his Geary County conviction is contrary to the intent and public policy behind the Kansas parole statutes. Finally, plaintiff contends his KPB hearing was fundamentally unfair because defendant Biggs is married to the Geary County Attorney who prosecuted plaintiff.

On these allegations, plaintiff seeks a declaratory judgment that defendants violated his constitutional rights. He also seeks his release from KDOC and KPB custody, or in the alternative, an order setting aside the KPB four year pass and ordering a new parole hearing to be conducted by the court or by persons designated by the court as long as plaintiff is subject to his Geary County sentence.

By an order dated February 26, 2009, the court directed plaintiff to show cause why his request for a writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed without prejudice because plaintiff had not fully and properly exhausted state court remedies. The court also directed plaintiff to show cause why his alternative request under 42 U.S.C. § 1983 for a new parole hearing should not be dismissed without prejudice pursuant to <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005), and <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). Having reviewed plaintiff's response, the court enters the following findings and order.

28 U.S.C. § 2241

Plaintiff's full exhaustion of state court remedies is required before he may seek habeas relief in federal court. Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005), *cert. denied* 549 U.S. 943 (2006); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). This exhaustion requirement is "rooted in considerations of federal-state comity," Preiser v. Rodriquez, 411 U.S. 475, 491 (1975), and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982); Castille v. Peoples, 489 U.S. 346, 349 (1989).

In the present case, plaintiff claims he exhausted state court remedies by presenting his state habeas petition under K.S.A. 60-1501 directly to the Kansas Supreme Court, and claims that court's summary one word denial of plaintiff's action constituted a decision on the merits of plaintiff's claims. Not persuaded, this court directed plaintiff to show cause why plaintiff's request for habeas corpus relief should not be dismissed without prejudice because plaintiff's failure to present his claims to "one complete round of the States' established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), did not constitute full and proper exhaustion of available state court remedies.

In response, plaintiff argues he is entitled under state law to proceed directly in the Kansas Supreme Court, and cites language in K.S.A. 60-1501 which states that a person may prosecute a writ of habeas corpus under K.S.A. 60-1501 "in the supreme court, court of

appeals or the district court of the county in which [the challenged] restraint is taking place."  Plaintiff next points to Kansas Supreme Court Rule 9.01 which provides that in cases of such concurrent jurisdiction, the appellate court will not ordinarily exercise original jurisdiction "if adequate relief appears to be available in a district court," and "[i]n the event the appellate court finds that adequate relief is available in the district court, it may *dismiss* the action or order it transferred to the appropriate district court."  Kansas Supreme Court Rule 9.01(a)(emphasis added).  Rule 9.01 further provides that if the appellate court "is of the opinion that the relief should not be granted, it will *deny* the petition."  Kansas Supreme Court Rule 9.01(c)(emphasis added).

Because the Kansas Supreme Court summarily "denied" the habeas petition plaintiff submitted directly to that court under K.S.A. 60-1501, plaintiff contends this constitutes the state's highest court's decision on the merits of his claims rather than a determination it was not willing to exercise its original jurisdiction to review plaintiff's state habeas petition.  The court finds plaintiff's weighty reliance on the Kansas Supreme Court's use of the word "denied" rather than "dismissed" to summarily terminate his original habeas petition is misplaced.

Exhaustion of the state's *standard* "established appellate review procedures" advances the comity consideration underlying the requirement that a prisoner seeking federal habeas relief first fully and completely exhaust available state court remedies. O'Sullivan, 526 U.S. at 844-45.  In Kansas, the state supreme court

4

recognizes that "some special reason must exist" before it will exercise its discretion to its original jurisdiction over habeas corpus proceedings.[1]  Manhattan Bldg., Inc. v. Hurley, 231 Kan. 20, 25 (1982)(*quoting* In re. Burnette, 73 Kan. 609, 617 (1906)).  Here, plaintiff's submission of his claims directly to the state supreme court in a procedural context in which the merits of the claims would not be considered unless there were special and important reasons is not a "fair presentation" of the claims for purposes of exhausting state court remedies in order to seek federal habeas corpus review of those claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  *See also* Parkhurst v. Shillinger, 128 F.3d 1366, 1369 (10th Cir. 1997)(applying Castille to find no proper exhaustion of state court remedies in habeas petitioner's filing of writ of certiorari directly in Wyoming Supreme Court for that court's discretionary and limited review).

The court thus continues to find plaintiff's presentation of his habeas petition under K.S.A. 60-1501 directly to the Kansas Supreme Court rather than to a state district court subject to appellate review, and the Kansas Supreme Court's one word denial of

---

[1] The filing of a state habeas petition directly in the Kansas Supreme Court has been found to be appropriate, for instance, to seek extraordinary relief from impending legal proceedings. *See e.g,* Application of Berkowitz, 3 Kan.App.2d 726, 730 (1979)(appellate court deciding original habeas action brought to challenge pretrial denial of double jeopardy claim); Application of Jones, 228 Kan. 90 (1980)(appellate court deciding original habeas action brought to challenge constitutionality of mandatory commitment of insanity acquittees); Smith v. Nye, 176 Kan. 679 (1954)(appellate court deciding original habeas action brought to challenge extradition out of Kansas).

plaintiff's petition, did not constitute full and proper exhaustion of state court remedies on plaintiff's claims for the purpose of seeking habeas corpus relief in federal court. *See e.g.*, <u>McCormick v. Six</u>, 2008 WL 2282643, *6 n.9 (D.Kan. May 30, 2008)(unpublished, copy attached)(rejecting petitioner's claim that Kansas Supreme Court's denial of petitioner's original habeas petition submitted pursuant to Rule 9.01 constituted full and proper exhaustion of petitioner's state court remedies), *certificate of appealability denied*, 306 Fed.Appx. 424 (10th Cir. January 6, 2009). Accordingly, plaintiff's request for habeas corpus relief under 28 U.S.C. § 2241 is dismissed without prejudice.

<u>42 U.S.C. § 1983</u>

Plaintiff may proceed under 42 U.S.C. § 1983 on allegations of constitutionally defective parole procedures. <u>Herrera v. Harkins</u>, 949 F.3d 1096, 1097 (10th Cir. 1990). Because plaintiff had not demonstrated defendants' 2008 parole decision had been invalidated, the court directed plaintiff to show cause why relief under 42 U.S.C. § 1983 was not barred by <u>Heck</u> as extended by <u>Wilkinson</u> and <u>Crow v Penry</u>, 102 F.3d 1086, 1087 (10th Cir. 1996).

In response, plaintiff acknowledges his specific request for relief from KPB's 2008 decision was barred by <u>Heck</u> and <u>Wilkinson</u> because his allegations of error, if successful, would necessarily implicate the validity of defendants' determination to deny plaintiff parole and to pass him for reconsideration for an additional years. Plaintiff highlights, however, his alternative request for a new parole hearing free of constitutional error, and

correctly points out that this alternative request is not subject to the favorable termination rule in Heck.  *See* Wilkinson, 544 U.S. at 81.  Nonetheless, to the extent it is proper for plaintiff to proceed on this alternative basis, the court finds such an action would be subject to summary dismissal because plaintiff's allegations state no claim upon which such relief could be granted under 42 U.S.C. § 1983.

To allege a valid claim under 42 U.S.C. § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Plaintiff's allegations fail to do so in this case.

Plaintiff has no federal constitutional right to release on parole prior to the expiration of his sentence.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  Although a state can create an enforceable liberty interest in parole through mandatory language in is parole statutes, id. at 12, Kansas has not done so.  *See* Jones v. Hannigan, 1 Fed.Appx 856, 2001 WL 20789 (10th Cir. 2001)(unpublished, copy attached)(Kansas parole statute, K.S.A. 22-3717, does not create liberty interest protected by due process clause)*(citing* Gilmore v. Kansas Parole Bd., 243 Kan. 173 (1988), *cert. denied*, 488 U.S. 930 (1988)).  See also Board of Pardons v. Allen, 482 U.S. 369, 379 n.10 (1987)("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest.").  In Kansas, "[p]arole, like probation, is a matter of grace.  It is granted as a privilege and not as a matter

7

of fundamental right." Gilmore, 243 Kan. at 756.  The KPB "is empowered to grant parole, but only in the exercise of its discretion, after considering the facts of the offense and the background, record, history, and situation of each prisoner." Id. at 180. *See also* Gilkey v. Kansas Parole Bd, 147 P.3d 1096, *4 (Kan.App. 2006)(unpublished, copy attached)(continuing to find no right to parole is established in current version of K.S.A. 22-3717).  Accordingly, because the Kansas statute creates no legitimate expectation of release, plaintiff's allegations of being denied federal constitutional protections and due process in his 2008 KPB hearing and determination state no cognizable claim for the purpose of seeking relief under 42 U.S.C. § 1983.  Greenholtz, 442 U.S. at 7.

    Nor do plaintiff's allegations state a cognizable claim of being denied equal protection under the United States Constitution. To proceed on an equal protection claim, plaintiff must allege sufficient facts to show that he is similarly situated to other prisoners who were treated differently.  Crider v. Board of County Com'rs of Boulder, 246 F.3d 1285, 1288 (10th Cir. 2001).  Here, plaintiff broadly claims he was treated differently from other prisoners seeking parole who have not been actively litigating while in prison, and/or who have no objections lodged against their release on parole.  However, plaintiff fails to establish that any such prisoners have offense behavior and convictions comparable to plaintiff.  Also, the KPB is authorized by statute and Kansas law to consider a broad range of factors including the nature of the crime,

and it is recognized that "[t]he acts of one person in committing an offense may be quite different and much less or much more shocking and heinous than the acts of another person in committing the same statutorily defined offense." Gilmore 243 Kan. at 177.

### Notice and Show Cause Order to Plaintiff

Thus for the reasons stated, and to the extent plaintiff seeks a new parole hearing free from alleged violations of his rights under federal law,[2] the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that plaintiff's request for habeas corpus relief under 28 U.S.C. § 2241 is dismissed without prejudice.

IT IS FURTHER ORDERED that to the extent plaintiff proceeds under 42 U.S.C. § 1983 to seek a new parole hearing free from alleged constitutional error, plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 11th day of June 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]The court does not address or decide whether plaintiff's allegations state any viable claim under Kansas law.