**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NATHANIEL W. ELLIBEE,**

                      **Petitioner,**

       v.                                                   **CASE NO. 08-3186-SAC**

**PAUL FELECIANO, JR., et al.,**

                      **Respondents.**

**O R D E R**

    Plaintiff proceeds pro se on a hybrid civil rights and habeas petition, seeking relief on allegations of error by the Kansas Parole Board ("Board") in denying him parole in February 2008, and passing him for further reconsideration until October 2010.  By an order dated June 11, 2009, the court dismissed without prejudice plaintiff's request for habeas corpus relief under 28 U.S.C. § 2241. The court also directed plaintiff to show cause why his alternative claim under 42 U.S.C. § 1983 for injunctive relief, namely a new parole hearing without alleged constitutional error,[1] should not be dismissed as stating no claim for relief.  Before the court is plaintiff's motion for reconsideration of the dismissal of his habeas claim under 28 U.S.C. § 2241 (Doc. 7).  Also before the court is plaintiff's response to the show cause order regarding

---

[1]Plaintiff stated in an earlier pleading that he intended this civil action and his submission of the $350.00 district court filing fee to primarily proceed under 42 U.S.C. § 1983, and that he invoked habeas jurisdiction secondarily and only for the purpose of his primary prayer for injunctive relief.  (Doc. 3, p. 12.)

plaintiff's request for relief under 42 U.S.C. § 1983  (Doc. 8).

*28 U.S.C. § 2241*

The court dismissed without prejudice plaintiff's request for habeas corpus relief under 28 U.S.C. § 2241, finding plaintiff had not exhausted available state court remedies.  Plaintiff now seeks reconsideration of that decision, and presents a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) provides a district court an opportunity to amend or alter a judgment to correct error, and a motion seeking such relief must be filed within ten days after judgment is entered.  *See* <u>Price v. Philpot</u>, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005)(a motion for reconsideration filed within ten days of judgment is treated as Rule 59(e) motion).  However, given the hybrid nature of this action, no separate entry of a judgment on plaintiff's habeas claim appears on the docket. Nonetheless, plaintiff's motion for reconsideration is denied.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such relief "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  <u>Id</u>.

In the present case, the court rejected plaintiff's contention that plaintiff's presentation of his state habeas petition under K.S.A. 60-1501 directly to the Kansas Supreme Court constituted full exhaustion of plaintiff's state court remedies.  Plaintiff now cites <u>Comprehensive Health of Planned Parenthood of Kansas & Mid-Missouri,</u>

2

Inc. v. Kline, 287 Kan. 372 (2008), as additional support for contending the Kansas Supreme Court's summary one word denial of his 60-1501 petition constituted a decision on the merits of plaintiff's claims by operation of Kansas Supreme Court Rule 9.01.  Plaintiff's reliance on Comprehensive Health is misplaced, as that case involved the Kansas Supreme Court's exercise of its original mandamus power, rather than any discretionary review by that court of an original habeas petition on its merits.

*42 U.S.C. § 1983*

    Due Process

To the extent plaintiff requests a new parole hearing with procedures free of constitutional error, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because plaintiff's allegations implicated no liberty interest protected by the Due Process Clause, and presented no cognizable claim that plaintiff was denied his rights under the Equal Protection Clause.

In response, plaintiff acknowledges the Kansas Parole Board's decision to grant or deny parole is discretionary, Gilmore v. Kansas Parole Board, 243 Kan. 173 (1988), but challenges the validity of the Kansas Supreme Court's statement that "[t]he various factors which the Board is directed to consider are procedural guidelines and not a limitation upon the Board's discretion."  Id. at 180.  Plaintiff points to mandatory language in the Kansas parole statutes as establishing substantive criteria limiting the Board's discretion in how to proceed in its decision making process, and argues the Board's failure to adhere to these statutory demands is arbitrary and capricious and denies him due process.  The court finds no legal

merit in this argument.

"Liberty interests protected by the Fourteenth Amendment may arise from two sources, the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 366 (1983). The existence of a prole system does not itself create a liberty interest protected by the Due Process Clause, Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 4 (1979), and Kansas parole statutes create no protected liberty interest in being paroled prior to full service of a prisoner's sentence, Gilmore, 243 Kan. at 415. State created liberty interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 481 (1995). As the Supreme Court recognized, "the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." Id.

In the present case, plaintiff's reliance on language in the parole statutes as creating a liberty interest by limiting the Board's discretion is contrary to established Kansas law. *See* Gilmore, 243 Kan. at 180. *See also* Sac and Fox Nation of Missouri v. Pierce, 213 F.3d 566, 577 (10th Cir. 2000)(Kansas Supreme Court's interpretation of its own statutes is binding on the federal court "absent some conflict with federal law or overriding federal interest."). Nor is plaintiff's continued service of his sentence sufficient under Sandin to find a state-created liberty interest in earlier release.

To the extent plaintiff argues he has a protected liberty

4

interest in the Board's parole decision-making process itself, plaintiff turns the due process analysis upside down. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Id. at 251 n.12.

Because there is nothing to suggest plaintiff has a liberty interest - either arising from the Due Process Clause itself or created by state law - in being released on parole, the procedures employed by the Board do not trigger due process protections.[2] *See e.g.,* Jones v. Hannigan, 1 Fed.Appx. 856, 2001 WL 20789 (10th Cir. 2001)(unpublished)(absent a liberty interest in parole, the procedures followed in making parole determinations "are not required to comport with standards of fundamental fairness")(*quoting* O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995)); Fox v. Stotts, 203 F.3d 834, 2000 WL 84899 (10th Cir. 2000)(Table)(same). Plaintiff's demand for procedural guarantees and compliance with state statutory provisions presents no federal claim upon which relief can be granted under 42 U.S.C. § 1983.

---

[2]Although some courts have recognized that even absent a protected liberty interest, a parole board may not act arbitrarily and capriciously, *see e.g.* Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991)(a parole board's knowing reliance on false information is arbitrary and capricious)*and* Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982)(parole board may not engage in flagrant or unauthorized action), the Tenth Circuit has not adopted that pre-Sandin due process construction. *See* Parker v. Dinwiddie, 2009 WL 175053, *2 (10th Cir. 2009).

Equal Protection

Plaintiff also maintains he sufficiently proffered evidence of similarly situated persons for the purpose of establishing a viable equal protection claim, including a class-of-one claim.[3]  The court again disagrees.

The threshold requirement of demonstrating different treatment than similarly situated individuals, City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985), is particularly daunting  where a Parole Board's decision whether to release a prisoner on parole necessarily involves a broad range of considerations.  *See e.g.*, Fuller v. Georgia State Bd. Of Pardons and Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988)("The decision to grant or deny parole is based on many factors such as criminal history, nature of the offense, disciplinary record, employment and educational history, etc.").

Here, plaintiff's proffer of disparate treatment, and conclusory allegations of animus by defendants, are insufficient to support a viable equal protection claim. McKleskey v. Kemp, 481 U.S. 279 (1987)(evidence of disparate treatment alone is insufficient to demonstrate the discriminatory intent required for finding a violation of the Equal Protection Clause); Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995("even pro se litigants must do more than make mere conclusory statements regarding

---

[3]*See* Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(per curiam)("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (*quotation omitted*)).

constitutional claims"). *See also* <u>Nolan v. Thompson</u>, 521 F.3d 983 (8th Cir. 2008)(court will not infer that Parole Board "intentionally discriminated against [plaintiff] from his assertions that he has an excellent institutional record and that the circumstances surrounding his case are not as heinous as those in other cases").

<u>Additional Claims in the Amended Complaint</u>

Plaintiff further maintains his allegations encompass additional plausible constitutional torts as set forth in his amended complaint. However, these additional identified claims encompass alleged due process violations which fail because they lack a liberty interest protected by the Due Process Clause, because alleged violations of state law which are not cognizable in federal court, and because alleged specific defects and violations in plaintiff's 2008 parole proceeding which are appropriate for habeas corpus review after first exhausting state court remedies. Indeed, it appears plaintiff raised these very same additional claims in his original habeas petition to the Kansas Supreme Court.

Accordingly, to the extent plaintiff proceeds under 42 U.S.C. § 1983, and for the reasons stated herein and in the order entered on June 11, 2009, the court concludes the complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 7) of the court's dismissal without prejudice of habeas corpus relief under 28 U.S.C. § 2241 is denied.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed as stating no claim for relief under 42 U.S.C. § 1983, and without

prejudice to plaintiff's pursuit of any state law claim.

**IT IS SO ORDERED.**

DATED:  This 11th day of September 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge