**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NATHANIEL W. ELLIBEE,**

        **Plaintiff,**

       **v.**                                  CASE NO. 08-3186-SAC

**PAUL FELECIANO, JR., et al.,**

        **Defendants.**

**O R D E R**

Plaintiff proceeds pro se on a hybrid civil rights and habeas petition, seeking relief on allegations of error by the Kansas Parole Board in denying him parole in February 2008, and passing him for further reconsideration until October 2010. By an order dated June 11, 2009, the court dismissed without prejudice plaintiff's request for habeas corpus relief under 28 U.S.C. § 2241, and directed plaintiff to show cause why his alternative claim under 42 U.S.C. § 1983 for injunctive relief should not be dismissed as stating no claim for relief. On September 11, 2009, the court denied plaintiff's motion under Fed.R.Civ.P. 59(e) for reconsideration of the dismissal of habeas corpus relief under 28 U.S.C. § 2241. Plaintiff filed a notice of appeal, and now seeks a certificate of appealability (COA).

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of in the petition arises out of process issued by a State court." Montez v. McKinna,

208 F.3d 862, 867 (10th Cir. 2000)(*quotations omitted*). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(*quotations omitted*). Where, as in the present case, the court denied habeas corpus relief "on procedural grounds without reaching the prisoner's underlying constitutional claim," to obtain a COA plaintiff must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. The court finds plaintiff has made no such showing in this case.

IT IS THEREFORE ORDERED that plaintiff's motion for a certificate of appealability (Doc. 14) is denied.

**IT IS SO ORDERED.**

DATED: This 20th day of October 2009 at Topeka, Kansas.

                                      s/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge