IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


NATHANIEL W. ELLIBEE,

                    Plaintiff,

          v.                                CASE NO. 08-3186-SAC

PAUL FELECIANO, JR., et al.,

                    Defendants.



MEMORANDUM AND ORDER

      Plaintiff proceeds pro se on an amended hybrid complaint
seeking relief under both 42 U.S.C. § 1983 and 28 U.S.C. § 2241 on
allegations of error in being denied parole in 2007.  The three
defendants named in this action are the three Kansas Parole Board
(KPB) members who participated in that parole board hearing and
decision.

      Finding plaintiff's allegations presented no cognizable due
process or equal protection claim, the court dismissed the action to
the extent plaintiff sought relief under § 1983.  To the extent
plaintiff sought habeas corpus relief under § 2241, the court
dismissed the action without prejudice to allow plaintiff to
properly exhaust his state court remedies.

      The Tenth Circuit Court affirmed the dismissal of all § 1983
claims alleging the denial of due process, finding this court was
"patently correct" in dismissing these claims because plaintiff had
no right to parole that was protected by the Due Process Clause.

*Ellibee v. Feleciano*, 374 Fed.Appx. 789, 792 (10th Cir.2010). However, the circuit court reversed and remanded for this court's consideration of plaintiff's § 1983 claim that defendants had retaliated against him for exercising his rights under the First Amendment. *Id*. The circuit court also reversed the dismissal without prejudice of plaintiff's attempt to seek habeas corpus relief under § 2241, finding it was fair to presume, under Kansas law, that the Kansas Supreme Court's summary one word denial of the original petition plaintiff submitted directly to that court constituted a decision on the merits and full exhaustion of plaintiff's state court remedies. *Id.* at 793-94.

Having reviewed the record, the court now considers and decides the following motions, and the response filed to plaintiff's request for habeas corpus relief.

### Motion for Joinder

Noting that defendant Paul Feleciano is no longer a member of the Kansas Parole Board, plaintiff seeks to add Feleciano's replacement on the board (Michael Tom Sawyer) as a defendant. The substitution of parties under Rule 25 of the Federal Rules of Civil Procedure controls this request. Pursuant to that rule, Sawyer is automatically substituted as a defendant to the extent plaintiff seeks relief from Feleciano in that defendant's official capacity. Fed.R.Civ.P. 25(d).[1] Plaintiff's action against Feleciano in that

---

[1]Fed.R.Civ.P. 25(d) reads:
"An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise

defendant's individual capacity remains intact.  *Id.*

### *Motion for Relief from Judgment Dismissing Due Process Claims*

Plaintiff filed a motion for relief from judgment based upon a mistake of law, pursuant to Fed.R.Civ.P. 60(b)(1), seeking to set aside this court's rejection of all due process claims regarding the denial of parole in the 2007 hearing.  Plaintiff now contends the disposition of his due process claims by this court, and affirmed by the circuit court, was based on a mistaken understanding of Kansas law.  Plaintiff's motion is denied.[2]

"Rule 60(b) ... provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, --- U.S. ----, 130 S.Ct. 1367, 1376 (2010)(*internal quotations and citations omitted*).  Generally speaking, "such relief is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2000)(*internal quotations omitted*).

The Tenth Circuit opinion and mandate clearly covered the issue plaintiff raises in his Rule 60(b) motion, and this court finds no

_____

ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution."

[2]Plaintiff also filed a motion in the Tenth Circuit Court of Appeals to recall the mandate entered in his appeal.  The Circuit Court denied that motion as untimely filed.

exceptional circumstances are alleged or apparent for deviating from that mandate. Because the circuit court expressly disposed of plaintiff's due process claims, this court is bound by that mandate. *See Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir.2003)(discussing mandate rule); *Kerman v. City of New York*, 374 F.3d 93, 109-110 (2d Cir.2004)("Where the appellate court has decided a question of law, the lower court on remand lacks discretion to decide that question to the contrary.").

### Motion for Certification

Likewise, plaintiff's related motion for this court to certify a state law question to the Kansas Supreme Court's for its consideration, as to "whether or not an offender can state a constitutional claim for serious due process violations or arbitrary and capricious decision making against the Kansas Parole Board" (Doc. 38, p.1) is denied. See K.S.A. 60-3201 (authorizing Kansas Supreme Court to answer case-determinative questions of state law certified to it by a federal court).

Whether to certify a question to the state courts rests in the sound discretion of the federal district court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled, *id.*, and the Tenth Circuit has held that it "will certify only questions of state law that are both unsettled and dispositive." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1119 (10th Cir.2008)(*quotation marks and citation*

*omitted*).

In the present case, Kansas law is not as unsettled as plaintiff reads it to be, and certification is not necessary where the state-law question plaintiff is proposing addresses due process issues the federal court has already decided against plaintiff in this matter.

### *Motion to Dismiss Plaintiff's § 1983 Claims*

Section 1983 is appropriate to the extent plaintiff seeks injunctive or declaratory relief to correct constitutionally defective parole procedures and to benefit from new constitutionally acceptable procedures in future parole hearings. *Herrera v. Harkins*, 949 F.2d 1096, 1097-98 (10th Cir.1991). To the extent plaintiff proceeds under § 1983 in this hybrid action, defendants seek dismissal of the amended complaint as stating no claim upon which relief can be granted.

<u>Standard of Review</u>

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is

plausible on its face." *Id*. at 570. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir.2001)(internal quotation omitted). A pro se plaintiff's complaint must be broadly construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint is not to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir.1997).

Retaliation Claim

Plaintiff claims defendants denied him parole in retaliation for plaintiff's exercise of his First Amendment right of access to the courts, and to petition the government to redress grievances.

Prison officials may not retaliate against an inmate for pursuing a constitutionally protected activity, including exercising his right of access to the courts. *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir.1996); *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990). "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n .1 (10th Cir.1990). A plaintiff also "must prove that 'but for' the retaliatory motive, the incidents to which he refers...would not have taken place." *Maschner*, 899 F.2d at 949-50. *Accord Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998)(a plaintiff must demonstrate that the

6

"alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Additionally, plaintiff must be able to demonstrate the alleged retaliatory action was sufficiently adverse that it would chill a person of ordinary firmness from engaging in protected activity in the future. *See e.g., Strope v. McKune*, 382 Fed.Appx. 705, 710, n.4 (10th Cir.2010)(applying third element of whether retaliation was sufficiently adverse to claims in prison context)(unpublished opinion)(*quotation marks and citations omitted*).[3]

To establish a factual basis of retaliation based on the exercise of his constitutional rights, plaintiff itemizes "a laundry list of litigation and whistle-blowing activity."[4] Plaintiff cites seventeen cases he filed in the state and federal courts between 2002 and 2005,[5] four post-conviction challenges filed between 1996 and 2004, and over one hundred administrative grievances filed as of February 2008. He also cites seven example cases where he provided legal advice and assistance to other prisoners, and cites his efforts at presenting concerns about the conditions of his confinement to public officials and various governmental agencies between 2001 and 2004.

It is recognized, however, that providing legal assistance to

---

[3]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.

[4]Plaintiff's response to defendants' motion to dismiss (Doc. 37-1), p.9.

[5]Plaintiff also cites his involvement in a state criminal action being filed against a prison guard in 2003.

other prisoners is not a protected constitutional activity. *Maschner*, 899 F.2d at 950. Thus plaintiff's actions on behalf of other prisoners are not facts that support a showing of retaliation.

Plaintiff's reference to his own litigation and his administrative grievances, on the other hand, implicate constitutionally protected activities. *See Lewis v. Casey*, 518 U.S. 343 (1996)(constitutionally protected right of a prisoner's access to the courts is limited to the preparation of a habeas petition or an initial civil rights complaint to challenge conditions of the prisoner's confinement*); Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995)(same). *See also Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir.2006)(arguable basis for retaliation claim stated because courts have recognized a prisoner's right to petition the government for redress of grievances encompasses the prisoner's filing of administrative grievances and appeals).

Although the legal and administrative actions identified by plaintiff appear remote in time, and involve no KPB member named as a defendant in this action,[6] plaintiff states defendants were well

_____

[6]Plaintiff cites only one case he filed against a KPB official. See *Ellibee v. Sebelius, et al*, Case No. 04-3403-JAR, filed November 4, 2004, dismissed December 22, 2005, motion to alter and amend granted in part on issue of exhaustion and denied on all other issues, February 13, 2006. The Kansas Parole Board hearing at issue in the present case was conducted more than eighteen months later in September 2007. The temporal proximity between plaintiff's litigation and defendants' alleged retaliation is thus weak. *See also Friedman v. Kennard*, 248 Fed.Appx. 918, 922 (10th Cir.2007)(temporal proximity between protected activity and a challenged prison action does not, in itself, demonstrate the causal nexus for a retaliation claim)(citing cases).

aware of plaintiff's litigation efforts prior to the 2007 hearing,[7] and questioned him during that hearing about those activities. Plaintiff also states at least one defendant made extensive inquiries, prior to the September 2007 hearing, concerning plaintiff's litigation efforts. This arguably provides sufficient factual support for finding plaintiff's exercise of his constitutional rights litigation might be linked to defendants' decision to deny plaintiff parole.

Nonetheless, even if the court were to assume a factual basis for purposes of establishing the first element of an actionable retaliation claim, plaintiff's allegations are insufficient to find or reasonably infer that the outcome of his 2007 parole hearing would have been different "but for" plaintiff's exercise of his constitutional rights, or that defendants' decision to deny parole and enter a four year pass would chill plaintiff or a person of ordinary firmness from engaging in future constitutionally protected activities.

Defendants' knowledge of plaintiff's litigation history does not in and of itself establish any retaliatory motivation in denying him parole. Kansas statutes do not preclude consideration of this information, and parole board members are entitled to consider a wide range information in deciding whether to grant or deny parole. *See e.g., Schuemann v. Colorado State Bd. of Adult Parole*, 624 F.2d

---

[7]Plaintiff contends remarks by defense counsel in some of plaintiff's cited litigation indicated that counsel had shared information about that litigation with KPB members. Plaintiff also cites the parole re-entry plan prepared by state officials which detailed plaintiff's litigation efforts.

172, 174 (10th Cir.1980)(parole boards are entitled to consider a broad range of information in making decisions regarding the release of prisoners); *Fiumara v. O'Brien*, 889 F.2d 254 (10th Cir.1989)(same, citing cases in context of federal parole). It also is well recognized that a decision whether to release a prisoner on parole is complex, and involves a "discretionary assessment of a multiplicity of imponderables." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 10 (1979)(*internal quotation marks and citation omitted*).

Plaintiff's litigation years earlier, in against a parole board member not named as a defendant in this matter is remote at best. And no inference of retaliatory or biased motive has been shown merely because plaintiff sued prison or parole officials years earlier, or submitted administrative grievances against prison staff at various times. *See e.g. Strope v. Cummings*, 381 Fed.Appx 878, 883 (10th Cir.2010)(unpublished)("While [the prisoner] undeniably engaged in protected activity - he has pursued a plethora of prison grievances and lawsuits over the years - that alone does not establish the requisite causal connection for his retaliation claim. If it did, litigious prisoners could claim retaliation over every perceived slight and resist summary judgment simply by pointing to their litigiousness.").

In 2007, the parole board members denied parole based on the serious nature and circumstances of plaintiff's crimes,[8] the violent

---

[8]Plaintiff was convicted in Geary County District Court Case 91-CR-1152 on crimes arising from a 1991 attempted aggravated robbery of a convenience store during which the store clerk was shot

nature of those crimes, and objections voiced to plaintiff's release on parole. These reasons were credible and sufficient under Kansas law. *See Torrence v. Kansas Parole Board*, 21 Kan.App.2d 457, 458-59 (1995)(Parole Board's use of statutory language as reasons for denying parole was sufficient compliance with statute at that time which required notification to the inmate in writing of specific reasons for not granting parole). *See also Smith v. Feliciano*, 231 P.3d 588, 2010 WL 2245994 (Kan.App.2010)("[A] parole board's designation of 'objections' as a pass reason for the defendant's parole was sufficiently specific and the parole board was not required to identify who objected to the defendant's parole and the specific reasons behind the objections.")(unpublished). Although plaintiff claims these reasons were formulaic and pretextual, where a state parole board gives valid reasons for denying parole, a federal court does not assume the board relied on possibly invalid factors. *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986). *See Fay v. Chester*, 2011 WL 397720, *3 (10th Cir.2011)(*quoting Bloodgood* in upholding revocation of federal parole). Also, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Schuemann*, 624 F.2d at 174.

Plaintiff's factual allegations, assumed as true, are insufficient to find it plausible and beyond speculative that any

_____

and killed. Plaintiff entered a plea of guilty to charges of aiding and abetting second-degree murder, aiding and abetting attempted aggravated robbery; and conspiracy to commit aggravated robbery. *State v. Ellibee*, Appeal No. 69,681 (Kan.1994)(unpublished, affirming Ellibee's conviction).

defendant's consideration of plaintiff's litigation was a substantial or motivating factor behind the decision to deny plaintiff parole. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009)(to avoid dismissal, "a plaintiff must nudge his claims across the line from conceivable to plausible"). Accordingly, the amended complaint states no actionable claim of retaliation upon which relief can be granted under § 1983.

Remaining § 1983 Claims

On remand, the Tenth Circuit directed this court to "address [plaintiff's] retaliation claim and any other claim that has not yet received judicial scrutiny." *Ellibee v. Feleciano*, 374 Fed.Appx. at 792. Beyond the retaliation claim decided herein by the court, defendants contend no claims remain for consideration under § 1983. The court basically agrees.

To the extent plaintiff seeks to revive due process and equal protection claims by citing a statement by this court in a post-remand order that "none of plaintiff's claims have been resolved against any defendant," (Doc. 23, p.2), plaintiff's reliance on that passage is misplaced. Under the circumstances, that statement necessarily implied that no claim *remaining on remand* has yet been decided.

Nonetheless, plaintiff maintains ex post facto claims remain, based on the application of state parole statutes modified after plaintiff's conviction in 1991. Plaintiff claims he was thereby denied detailed reasoning for the parole board's decision, and denied an annual review by the parole board of his file.

Plaintiff also maintains defendants violated his Fourteenth Amendment right to equal protection by treating him differently than inmates with similar or more serious record, and by denying him parole based on his litigation, community objections to his release on parole, and his gender.

Defendants correctly point out that plaintiff presented both claims in the context of being denied due process in his 2007 parole hearing, and that relief was denied. Plaintiff now contends his pro se status should relieve him of any mislabeling of his claims. The court is reluctant to do so.

Clearly, a pro se litigant is entitled to a liberal construction of his papers, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir.2007), but pro se parties must follow court procedural rules governing other litigants," *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007). A court is not to assume the role of an advocate to assert or allow arguments the pro se litigant failed to raise or sufficiently develop for review. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

Nonetheless, even if plaintiff's claims were to be considered, the court finds they should be dismissed as stating no claim for relief.

   - *Ex Post Facto*

The Ex Post Facto Clause bars the retroactive application of legislation that "disadvantage[s] the offender." *Collins v. Youngblood*, 497 U.S. 37, 41-42 (1990). The Tenth Circuit has held that a law or regulation violates the Ex Post Facto Clause if the

law: (1) applies to events occurring before it was enacted, and (2) disadvantages the plaintiff by changing the definition of criminal conduct or increasing the sentence thereof. *Smith v. Scott*, 223 F.3d 1191, 1193-94 (10th Cir.2002)(citing *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). Ex post facto restrictions apply to matters of parole. *See Garner v. Jones*, 529 U.S. 244, 249-50 (2000). However, changes in parole procedures being applied which cause only a speculative and attenuated possibility of increasing the measure of punishment for a crime are insufficient to establish an ex post facto violation. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 509-10 (1995). *See e.g. Henderson v. Scott*, 260 F.3d 1213 (10th Cir. 2001)(Oklahoma statute that increased time interval for parole consideration did not on its face or as applied violate Ex Post Facto Clause), *cert. denied*, 535 U.S. 1063 (2002).

In the present case, plaintiff states the parole statutes in effect when he was convicted required the parole board to provide detailed reasons for its decision, and required the board's annual review of his file. He contends neither is required nor provided under subsequent modification to the state statues. Even so, these statutory modifications in the procedures to be employed by the Kansas Parole Board present at best only a speculative and attenuated possibility of increasing the punishment imposed by plaintiff's sentence. Plaintiff's allegations fail to establish any viable claim of being denied his rights under the Ex Post Facto Clause.

- *Equal Protection*

The Equal Protection Clause is violated if government officials treat plaintiff differently than others who are similarly situated. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir.1996). This court previously determined that plaintiff's allegations presented no plausible equal protection claim because plaintiff made no showing of being similarly situated to other prisoners considered for parole, and the Tenth Circuit did not reverse that determination if in fact plaintiff raised it in his appeal. Plaintiff now seeks to revive his equal protection claim by contending it never received strict scrutiny.

Other than noting plaintiff's attempt to re-litigate a claim previously adjudicated against plaintiff based upon his failure to establish he was similarly situated to other inmates, the short answer to plaintiff's demand for strict scrutiny analysis is that strict scrutiny is not required or appropriate. A rational basis test is applied if, as in the present case, "the challenged government action does not implicate either a fundamental right or a protected class." *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir.2008). *See also Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979)(a prisoner has no constitutional or inherent right to be released prior to the expiration of his sentence).

<u>Conclusion</u>

The court thus concludes the civil rights portion of plaintiff's amended hybrid complaint should be dismissed as stating no claim upon which relief can be granted under § 1983.

***Consideration of Plaintiff's Claims Under 28 U.S.C. § 2241***

To the extent plaintiff challenges the result of an individual parole hearing as constitutionally defective, and asks the court to set aside the parole board's decision and to order a new hearing, plaintiff proceeds in habeas corpus. *Herrera*, 949 F.2d at 1097. Seeking habeas corpus relief under § 2241 is appropriate because plaintiff is challenging the execution of his sentence rather than the validity of his underlying conviction or sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir.2000). Under § 2241, a writ of habeas corpus can be granted only if plaintiff demonstrates his incarceration is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Hamm v. Safle*, 300 F.3d 1213, 1216 (10th Cir.2002)(a challenge to the execution of a sentence is properly brought pursuant to 28 U.S.C. § 2241).

Defendants contend plaintiff has made no showing of constitutional error in the denial of his parole in 2007 that entitles him to habeas corpus relief. The court agrees.

Background

In the petition for a writ of habeas corpus under K.S.A. 60-1501 that plaintiff submitted to the Kansas Supreme Court as an original action, he named the same three KPB members as respondents, and asserted essentially the same claims presented in the amended hybrid civil rights complaint and habeas petition filed in the instant action. Plaintiff likewise asked that court to declare his rights were violated, set aside the four year pass until next being

16

considered for parole, and order a new parole hearing before different KPB members. Plaintiff also asked for a verbatim electronic record of the new hearing, with plaintiff being allowed both a pre-hearing review of all material information to be considered at the hearing, and an opportunity during the hearing to rebut adverse information.

The Kansas Supreme Court denied the petition with a one word handwritten notation without issuing an opinion. Under the circumstances and Kansas law, the Tenth Circuit Court of Appeals found that this constitutes a decision on the merits of plaintiff's claims, and thus plaintiff's exhaustion of state court remedies. *See also Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 785 (2011)(holding and reconfirming "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

Standard of Review

In this Circuit, plaintiff's habeas challenge to being denied parole in 2007 is governed by 28 U.S.C. § 2241,[9] which authorizes this court to grant a writ of habeas corpus only if plaintiff demonstrates his incarceration is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Hamm*, 300 F.3d at 1216 (a challenge to the execution of a sentence is properly brought pursuant to 28 U.S.C. § 2241). It is

---

[9]*See Aquiar v. Tafoya*, 95 Fed.Appx. 931, 936 n.1 (10th Cir.2004)((Briscoe, J., dissenting)(noting that Tenth Circuit is in the minority in holding that a challenge by a state prisoner to the execution of his sentence must be construed under § 2241 instead of § 2254, collecting cases).

generally stated that a federal court's habeas review of parole determinations is limited to review "for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir.1998)(*quotation omitted*). *See also Schuemann*, 624 F.2d at 173 (state prisoner's habeas challenge to parole board decision reviewed "to determine if it was arbitrary, capricious or an abuse of discretion")(*citing Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir. 1977)).

Nonetheless, because plaintiff is a person in state custody, it has been recognized that some level of deference to the state court's is required. *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir.2001)("Although we analyze Mr. Henderson's claim under § 2241, we still accord deference to the [state appellate court's] determination of the federal constitutional issue."). Consistent with *Henderson* and with cases in other circuits where a state prisoner's challenge to the execution of his state sentence is treated as a habeas action under § 2254, respondents contend the deference required should be guided by § 2254(d), whereby this court may grant habeas relief to plaintiff only upon a showing that the Kansas Supreme Court's decision on the merits of plaintiff's claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). *See also*

*Harrington*, 131 S.Ct. at 784 ("By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2). ... Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

Unpublished Tenth Circuit opinions have applied this demanding standard to state prisoners seeking habeas corpus relief under § 2241 to challenge the execution of their sentence. *See Thomas v. Jones*, 2008 WL 4693155, *2 (W.D.Okl.2008)(unpublished, collecting cases). But in *Walk v. Edmondson*, 472 F.2d 1227 (10th Cir.2007), the Tenth Circuit rejected application of the § 2254(d) standard in such cases, stating the § 2254(d) deferential standard is "only properly invoked when an individual in statute custody collaterally attacks the validity of a state conviction and/or sentence." *Id.* at 1234. Although the holding in *Walk* could arguably be limited on its facts to a § 2241 habeas application by a state prisoner not yet convicted and sentenced, and thus potentially distinguishable from a prisoner such as plaintiff who is in custody pursuant to a state criminal judgment,[10] the court easily finds plaintiff is entitled to no relief under § 2241 even if the § 2254(d) standard is not applied.

It has been established in this case that plaintiff has no

---

[10]Underlying *Walk* of course is *Montez,* a minority view which remains the law in this circuit. A majority of courts treat § 2254 as the exclusive remedy for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the prisoner is not challenging his underlying conviction.

right protected by the Due Process Clause in being released on parole, and plaintiff's remaining constitutional claims lack merit for reasons stated herein.[11]  The parole board's decision was not an abuse of discretion where sufficient evidence supported its decision.  *Wildermuth*, 147 F.3d at 1236-37 (citation omitted).  Additionally, plaintiff clearly has not demonstrated the Kansas Supreme Court's ruling on his claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*, 131 S.Ct. at 786-87.  Accordingly, plaintiff's request for federal habeas corpus relief is denied.

### *Motion for Trial Designation/Venue to Be Honored*

Plaintiff requests that his designation of Wichita, Kansas, as the site for litigating this action be honored.[12]  Because the court herein denies all relief on plaintiff's amended hybrid complaint and habeas petition, this request for honoring plaintiff's designation

---

[11]To the extent plaintiff seeks relief on alleged violations of *state* law, any such allegations presents no valid basis for federal habeas corpus relief.  See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

[12]See D.Kan.Rule 40.2 which reads in relevant part:
(a) At the time the complaint is filed, the plaintiff must file a request stating the name of the city where the plaintiff desires the trial to be held.  Unless the court orders otherwise, the plaintiff's request governs where the case is filed, docketed, and maintained.
 ...
(e) The court is not bound by the requests for place of trial.  It may determine the place of trip upon motion or in its discretion.

for the place of trial is now moot.

IT IS THEREFORE ORDERED that plaintiff's motion for joinder (Doc. 24) is granted in that Michael Thomas Sawyer is substituted for Paul Feleciano pursuant to Rule 25(d) to the extent plaintiff seeks relief in that defendant's official capacity.

IT IS FURTHER ORDERED that plaintiff's motion for relief from judgment (Doc. 42) and motion for certification of a question to the Kansas Supreme Court (Doc. 38) are denied, and that plaintiff's motion to honor his designation of trial venue (Doc. 35) is denied as moot.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's civil rights claims (Doc. 34) in the amended hybrid complaint and habeas petition is granted, and that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this hybrid action is denied.

**IT IS SO ORDERED.**

DATED: This 22nd day of March 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge